Margaret Rosenthal, SBN 147501
Shareef Farag, SBN 251650
Nicholas D. Poper, SBN 293900
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email:    mrosenthal@bakerlaw.com
          sfarag@bakerlaw.com
          npoper@bakerlaw.com

*Attorneys for Defendant*
THE SHERWIN-WILLIAMS COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ANDERSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY, an Ohio corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.:  17-cv-8820<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Corporate Disclosure Statement]<br><br>Action Filed: November 8, 2017 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, The Sherwin-Williams Company ("Defendant") removes the action filed by Brent Anderson ("Plaintiff") in the Superior Court of the State of California, in and for the County of San Bernardino, and captioned Case No. CIVDS1722065, to the United States District Court for the Central District of California.

## JURISDICTION AND VENUE

1.      This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446, because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2.      This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Thus, this Court is the proper district court to which this case should be removed.  28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION & TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

3.      On November 8, 2017, Plaintiff, purportedly on behalf of himself and all others similarly situated, filed a class action Complaint against Defendant in the Superior Court of the State of California, in and for the County of San Bernardino, Case No. CIVDS1722065 (the "State Court Action").  Plaintiff filed the Complaint as a putative class action and representative action.

4.      On November 9, 2017, Defendant was served with a copy of the Summons and Complaint.

5.      Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendant filed this removal within 30 days of its receipt of a copy of the Summons and Complaint in the State Court Action.

6.     Exhibit "A" constitutes all process, pleadings, and orders served on Defendant in the State Court Action.

7.     Defendant filed its Answer in the State Court Action on December 5, 2017.  A true and correct copy of Defendant's Answer is attached as Exhibit "B".

## CAFA JURISDICTION

8.     <u>Basis of Original Jurisdiction</u>.  This Court has original jurisdiction of this action under CAFA.  28 U.S.C. § 1332(d)(2) and (4) provide that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million.  Section 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.

9.     As set forth below, pursuant to 28 U.S.C. § 1441(a), Defendant may remove the State Court Action to federal court under CAFA because: (i) the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) this action is pled as a class action and involves more than one hundred (100) putative class members; and (iii) members of the putative class are citizens of a state different from Defendant.

## DIVERSITY OF CITIZENSHIP

10.     <u>Plaintiff's Citizenship</u>.  As alleged in the Complaint, Plaintiff "is now and/or at all times mentioned in [the] Complaint was a citizen of the State of California."  (Complaint ¶ 7).  Defendant is informed and believes that Plaintiff was, at the time of the filing of the State Court Action, and still is, a resident of the State of California.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F. 3d 514, 520 (10th Cir. 1994).  Accordingly, Plaintiff is a citizen of the State of California.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

11.   <u>The Sherwin-Williams Company's Citizenship</u>.  Defendant is a citizen of the State of Ohio.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."   The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters."  *Id.*  "The public often (though not always) considers it the corporation's main place of business." *Id.* at 1193.

12.   Defendant was, at the time the State Court Action was commenced in State Court, and still is, is a corporation formed in and incorporated under the laws of the State of Ohio.  Pursuant to the *Hertz* nerve center test, Defendant has its principal place of business in Ohio.  Defendant's headquarters are located at 101 Prospect Avenue NW, Cleveland, Ohio 44115.  In addition, the majority of Defendant's officers direct, control, and coordinate the corporation's activities from that same address – 101 Prospect Avenue NW, Cleveland, Ohio 44115.

13.   <u>Doe Defendants</u>.  Although Plaintiff has also named fictitious defendants "DOES 1 to 100," 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

14.   <u>Minimal Diversity</u>.  Minimal diversity of citizenship is established, pursuant to CAFA, inasmuch as Plaintiff (who is a member of the putative class) is a citizen of the State of California, and Defendant is a citizen of the State of Ohio.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

15.     <u>Size of the Class</u>.  Plaintiff filed the State Court Action as a class action.  While Plaintiff does not allege a specific class size, the relevant period for various claims made by Plaintiff is four years prior to the filing of the State Court Action.  Four years prior to Plaintiff's filing of the Complaint is November 8, 2013.  Between November 8, 2013 and Plaintiff's filing of his Complaint, Defendant employed approximately 4,837 individuals in California as hourly-paid employees (the putative class definition provided in the Complaint).  (Complaint ¶ 26.)  Therefore, per the allegations of the Complaint, the class size is 4,837 individuals.

## AMOUNT IN CONTROVERSY UNDER CAFA

16.     Removal is appropriate when it is more likely than not that the amount is controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate.  *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

17.     This action involves Plaintiff's alleged claims against Defendant for: failure to pay overtime wages at the legal overtime pay rate, failure to provide all meal periods, failure to pay meal period premiums at the legal pay rate, derivative violations of Labor Code § 203, derivative failure to timely furnish accurate itemized wage statements, independent failure to timely furnish accurate itemized wage statements, failure to fully reimburse work expenses, penalties pursuant to Labor Code § 2699 ("PAGA"), and unfair business practices.  Plaintiff's prayer for relief seeks an award of compensatory damages, including past wages due and owing for overtime worked, not being paid meal period premiums at the legal rate of pay, monies for failure to comply with wage statement provisions, waiting time penalties, restitution to the class, prejudgment interest on damages awarded, attorneys' fees and costs, injunctive relief, reimbursement of business expenses incurred, civil penalties under PAGA, and such other and further relief as the Court may deem just and proper.  (See Complaint, Prayer for Relief.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

18.  <u>Amount in Controversy</u>.  Without conceding that Plaintiff or the purported class members are entitled to or could recover damages in any amount, the amount in controversy in this putative class action, in the aggregate, is well in excess of $5,000,000, exclusive of interest and costs.

    a.  <u>Variables</u>.

- For purposes of Plaintiff's Second Cause of Action for failure to provide all meal periods, Plaintiff defines a subclass of all hourly-paid Store Managers employed by Defendant during the relevant time period.  (Complaint ¶ 26.)  During the period of November 8, 2013 to November 8, 2017 (date the Complaint was filed), applicable to this claim, Defendant employed approximately 318 individuals in California as hourly-paid Store Managers.  These 318 individuals worked a total of 25,208 pay periods between November 8, 2013 and November 8, 2017.  The average hourly rate of pay among this group is approximately $20.81

- During the period of November 8, 2014 to November 8, 2017, applicable to Plaintiff's Labor Code § 203 claim for waiting time penalties, approximately 2,280 putative class members separated from employment with Defendant.  The average hourly rate of pay among this group is approximately $13.61.

- During the period of November 8, 2016 to November 8, 2017, applicable to Plaintiff's wage statement claims, Defendant employed approximately 2,856 putative class members.  These 2,856 individuals worked a total of 56,034 pay periods between November 8, 2016 and November 8, 2017.

    b.  <u>Claim No. 2: Failure to Provide Meal Periods</u>.  For purposes of this claim, Plaintiff defines a subclass of all hourly-paid Store Managers employed by Defendant during the relevant time period.  (Complaint ¶

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

26.) Plaintiff alleges that "[a]s a matter of Defendants' established company policy, Defendants failed to always comply with the meal periods requirements" established under the Labor Code "by failing to always provide [hourly-paid Store Managers] with a first and in some cases a second legally compliant meal period." (Complaint ¶ 51.) Plaintiff seeks damages in an amount equal to one additional hour of pay for each work day that the meal period was not provided. (Complaint ¶ 52.) Although Defendant denies all liability, assuming conservatively, for purposes of this analysis only, that each hourly-paid Store Manager working in California at any given time during the relevant period was deprived of one meal period per every pay period, the amount in controversy for this claim would be approximately **$524,578** (calculated as: the sum of [average hourly rate of pay x 1 hour of regular compensation as a premium for each non-compliant meal period x 1 violation per pay period x total number of pay periods worked by the putative class in between November 8, 2013 and the present]).[1]

c.   Claim No. 4: Failure to Timely Pay Wages Upon Separation.  For purposes of this claim, Plaintiff defines a subclass of all "hourly-paid employees during the appropriate time period who were derivatively subjected to Defendants' policies and practices regarding Labor Code § 203 and the payment of final wages..." (Complaint ¶ 26.)  Plaintiff further alleges that "Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees" and that "Defendants willfully failed to pay the [putative class members] their entire wages due and owing at the time of their termination or within seventy-two (72) hours of

---

[1] Based on the above variable and formula, calculated as: $20.81 x 1 x 1 x 25,208.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

their resignation, and failed to pay those sums for up to thirty (3) days thereafter." (Complaint ¶¶ 68-69.)  California Labor Code Section 203 provides that a former employee shall receive regular daily wages for each day they were not paid, at their hourly rate, for up to thirty days. Approximately 2,280 members of the proposed subclass separated from employment during the three-year statutory period.  Using the hourly rate of pay for each of these 2,280 putative class members, and conservatively assuming that the putative class members work only 8 hours per day, the amount in controversy for this claim would be approximately **$7,449,868** (2,280 separated employees x 8 hours x average hourly rate of pay x 30 days).

d. <u>Claim Nos. 5 and 6: Failure to Timely Furnish Accurate Itemized Wage Statements</u>.  Plaintiff's Fifth Cause of Action alleges that "as a pattern and practice, in violation of Labor Code § 226(a) and the IWC Wage Orders §7(a), Defendants did not and still do not furnish each of the members of the Derivative Wage Statement Class with an accurate itemized wage statement" showing gross earned, net wages earned, total hours worked, all deductions, and all applicable hourly rates in effect during each respective pay period.  (Complaint ¶¶ 76, 78.) Similarly, Plaintiff's Sixth Cause of Action alleges that "[a]s a pattern and practice, in violation of Labor Code § 226(a), Defendants did not and still do not furnish each of the members of the Independent Wage Statement Class with an accurate itemized statement in writing showing the name and address of the legal entity that secured the services of the employer." (Complaint ¶ 88.)  Plaintiff, on behalf of himself and the putative class, seeks penalties pursuant to Labor Code § 226(a) of $50 per employee for the initial pay period in which a wage statement violation occurred and $100 per employee for each

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

violation in a subsequent pay period, not exceeding the maximum aggregate penalty of $4,000 per employee. (Complaint ¶¶ 83, 93.) Approximately 2,856 members of the proposed class were employed by Defendant during the one-year statutory period. Using the total number of pay periods worked by each of the 2,856 members and the minimum statutory penalty of $50 for each violation, the amount in controversy for this claim would be approximately **$2,801,700** ($50 penalty for each violation x 56,034 pay periods).

19.     <u>Total Amount in Controversy for Just Four Causes of Action.</u>  Based solely on the four causes of action described above, the class-wide amount in controversy, conservatively estimated, is at least **$10,776,146**.  "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014).  A summary of the amount in controversy discussed above is as follows:

| Claim | Amount in Controversy |
|---|---|
| Failure to Provide Meal Periods: | **$524,578** |
| Failure to Timely Pay All Wages Upon Separation: | **$7,449,868** |
| Failure to Comply With Itemized Wage Statement Provisions: | **$2,801,700** |
| **TOTAL:** | **$10,776,146** |

20.     <u>Amount in Controversy for Remaining Causes of Action.</u>  The above amounts exceed the $5 million CAFA minimum before taking into account Plaintiff's additional three claims for failure to pay overtime wages at the legal

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

overtime pay rate, failure to pay meal period premiums at the legal pay rate, failure to fully reimburse work expenses, which are further evidence that the amount in controversy exceeds $5,000,000, as already established above.

21.    <u>Total Amount in Controversy for All Causes of Action</u>.  Based on the claims described above, the class-wide amount in controversy, conservatively estimated, is well in excess of $5,000,000.

22.    <u>Other Claims</u>.  In addition to the damages discussed above, Plaintiff also requests injunctive relief (among other forms of relief not calculated above) for the class members.  (Complaint, Prayer for Relief.)  No allegations in the Complaint allow Defendant to calculate the amount of these alleged damages and relief.  However, Defendant points out the allegations to the Court as further evidence that the amount in controversy exceeds $5,000,000, as already established above.

## ATTORNEYS' FEES

23.    When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Plaintiff has sought attorneys' fees in the Complaint which are permitted by Labor Code §§ 1194 and 1021.5 for the Labor Code violations alleged in the Complaint.  They should therefore be included in analyzing the amount in controversy, if needed.  Conservatively, we do not include them in the above calculations.

## NOTICE OF INTERESTED PARTIES

24.    Pursuant to Local Rule 7.1-1, a Notice of Interested Parties is being filed concurrently with this Notice of Removal.

## NOTICE

25.    As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of San Bernardino.

Dated:  December 7, 2017                    Respectfully submitted,

                                           BAKER & HOSTETLER LLP


                                           By:   */s/ Margaret Rosenthal*
                                                 Margaret Rosenthal
                                                 Shareef Farag
                                                 Nicholas D. Poper

                                           *Attorneys for Defendant*
                                           THE SHERWIN-WILLIAMS
                                           COMPANY

## PROOF OF SERVICE

I, Hien Tran, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-7120. On **December 7, 2017**, I served a copy of the within document(s): **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Golden State Overnight**, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery on the next business day.

☐ by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below. Proof of service to be filed after completion of service.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Kevin T. Barnes, Esq.<br>Gregg Lander, Esq.<br>**LAW OFFICES OF KEVIN T. BARNES**<br>5670 Wilshire Boulevard, Suite 1460<br>Los Angeles, CA 90036-5664<br>Tel:    323.549.9100<br>Fax:    323.549.0101<br>*Email:  Barnes@kbarnes.com*<br>*            Lander@kbarnes.com* | Raphael A. Katri, Esq.<br>**LAW OFFICES OF RAPHAEL A. KATRI**<br>8549 Wilshire Boulevard, Suite 200<br>Beverly Hills, CA 90211-3104<br>Tel:    310.940.2034<br>Fax:    310.733.5644<br>*Email: RKatri@socallaborlawyers.com* |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **December 7, 2017** at Los Angeles, California.

_____
Hien Tran

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES