# EXHIBIT A

ORIGINAL

BY FAX

1 | Kevin T. Barnes, Esq. (#138477)
2 | Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
3 | 5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
4 | Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

5 | Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
6 | 8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
7 | Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

8 |
9 | Attorneys for Plaintiff BRENT ANDERSON,
on behalf of himself and all others similarly situated

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 8 2017

BY _____
JASMIN CASILLAS, DEPUTY

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 | **FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| 12  BRENT ANDERSON, on behalf of himself and all others similarly situated, <br> 13 <br> Plaintiffs, <br> 14 <br> v. <br> 15 <br> THE SHERWIN-WILLIAMS <br> 16  COMPANY, an Ohio corporation; and <br> DOES 1 to 100, inclusive, <br> 17 <br> Defendants. <br> 18 <br> 19 <br> 20 <br> 21 <br> 22 <br> 23 <br> 24 <br> 25 | **CLASS ACTION** <br> **CIVDS1722065** <br> Case No. <br><br> **COMPLAINT FOR:** <br><br> 1. **FAILURE TO PAY OVERTIME WAGES AT THE LEGAL OVERTIME PAY RATE;** <br> 2. **FAILURE TO PROVIDE ALL MEAL PERIODS;** <br> 3. **FAILURE TO PAY MEAL PERIOD PREMIUMS AT THE LEGAL PAY RATE;** <br> 4. **DERIVATIVE VIOLATIONS OF LABOR CODE §203;** <br> 5. **DERIVATIVE FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** <br> 6. **INDEPENDENT FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** <br> 7. **FAILURE TO FULLY REIMBURSE WORK EXPENSES;** <br> 8. **PENALTIES PURSUANT TO LABOR CODE §2699; AND** <br> 9. **UNFAIR BUSINESS PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** |

26 | Plaintiff BRENT ANDERSON, an individual on behalf of himself and all others similarly

27 | situated (hereinafter collectively referred to as "Plaintiffs"), hereby files this Complaint against

28 | Defendant THE SHERWIN-WILLIAMS COMPANY and DOES 1 to 100 (hereinafter

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 1 -

1 collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of

2 that information and belief, allege as follows:

3 **I.**

4 ## INTRODUCTION

5 1. This is a civil action seeking recovery for Defendants' violations of the California

6 Labor Code ("Labor Code"), California Business and Professions Code ("B&PC"), the

7 applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the

8 "IWC Wage Orders") and related common law principles.

9 2. Plaintiffs' action seeks monetary damages, including full restitution from

10 Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

11 3. The acts complained of herein occurred, occur and will occur, at least in part,

12 within the time period from four (4) years preceding the filing of the original Complaint herein,

13 up to and through the time of trial for this matter although this should not automatically be

14 considered the statute of limitations for any cause of action herein.

15 RELEVANT JOB TITLES

16 4. For introductory and general information only (and not to be considered a

17 proposed class definition), the relevant job titles held by the California citizens in this action are

18 Defendants' hourly-paid employees, including but not limited to Store Managers, Assistant

19 Managers and Associates (hereinafter including any of Defendants' job positions with

20 substantially similar titles and/or duties).

21 5. The general obligations and responsibilities of Defendants' respective positions

22 are virtually identical from region to region, district to district, facility to facility, and employee

23 to employee. Any differences in job activities between the different individuals in these positions

24 were and are legally insignificant to the issues presented by this action.

25 SUMMARY OF CLAIMS

26 6. With regard to Defendants' hourly-paid employees, Defendants have:

27 a. Failed to pay overtime wages at the appropriate overtime pay rate;

28 b. Failed to provide Store Managers all legally-requisite meal periods;

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**
## EXHIBIT A - Page 2

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.,
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1      c.  Failed to pay meal period premiums at the legal pay rate;

2      d.  Derivatively violated Labor Code §203;

3      e.  Derivatively failed to timely furnish accurate itemized wage statements;

4      f.  Independently failed to timely furnish accurate itemized wage statements;

5      g.  Failed to reimburse Store Managers for all work-related expenses;

6      h.  Incurred penalties pursuant to Labor Code §§2698, et seq.; and

7      i.  Conducted unfair business practices.

8  **II.**

9  **PARTIES**

10 PLAINTIFF BRENT ANDERSON

11     7.    Plaintiff BRENT ANDERSON is an individual over the age of eighteen (18) and is

12 now and/or at all times mentioned in this Complaint was a citizen of the State of California.

13     8.    Plaintiff BRENT ANDERSON worked for Defendants as an hourly-paid Store

14 Manager from approximately 2009 to 2013 in West Covina, California and approximately 2013

15 to 2016 in Rancho Cucamonga, California, which is in San Bernardino County, California.

16     9.    Plaintiff BRENT ANDERSON seeks recovery herein from Defendants because

17 with regard to Plaintiff BRENT ANDERSON, while acting for Defendants in his capacity as an

18 hourly-paid employee, Defendants have:

19     a.  Failed to pay overtime wages at the appropriate overtime pay rate;

20     b.  Failed to provide Store Managers all legally-requisite meal periods;

21     c.  Failed to pay meal period premiums at the legal pay rate;

22     d.  Derivatively violated Labor Code §203;

23     e.  Derivatively failed to timely furnish accurate itemized wage statements;

24     f.  Independently failed to timely furnish accurate itemized wage statements;

25     g.  Failed to reimburse Store Managers for all work-related expenses;

26     h.  Incurred penalties pursuant to Labor Code §§2698, et seq.; and

27     i.  Conducted unfair business practices.

28 ///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT

1 | DEFENDANT, THE SHERWIN-WILLIAMS COMPANY

2 |     10.    Defendant THE SHERWIN-WILLIAMS COMPANY is now and/or at all times

3 | mentioned in this Complaint was an Ohio corporation and the owner and operator of an industry,

4 | business and/or facility licensed to do business and actually doing business in the State of

5 | California.

6 | DOES 1 TO 100, INCLUSIVE

7 |     11.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this

8 | Complaint were licensed to do business and/or actually doing business in California.

9 |     12.    Plaintiffs do not know the true names or capacities, whether individual, partner or

10 | corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such

11 | fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

12 |     13.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and

13 | capacities as soon as they are ascertained.

14 | ALL DEFENDANTS

15 |     14.    Defendants, and each of them, are now and/or at all times mentioned in this

16 | Complaint were in some manner legally responsible for the events, happenings and circumstances

17 | alleged in this Complaint.

18 |     15.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful

19 | practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

20 |     16.    Defendants, and each of them, are now and/or at all times mentioned in this

21 | Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-

22 | versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times

23 | mentioned in this Complaint were acting within the course and scope of that agency, servitude

24 | and/or employment.

25 |     17.    Defendants, and each of them, are now and/or at all times mentioned in this

26 | Complaint were members of and/or engaged in a joint venture, partnership and common

27 | enterprise, and were acting within the course and scope of, and in pursuance of said joint

28 | venture, partnership and common enterprise.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 4 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**
**EXHIBIT A - Page 4**

1    18.    Defendants, and each of them, at all times mentioned in this Complaint concurred

2    and contributed to the various acts and omissions of each and every one of the other Defendants

3    in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

4    19.    Defendants, and each of them, at all times mentioned in this Complaint approved

5    of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in

6    this Complaint.

7    20.    Defendants, and each of them, at all times mentioned in this Complaint aided and

8    abetted the acts and omissions of each and every one of the other Defendants thereby

9    proximately causing the damages alleged in this Complaint.

10                                         **III.**

11                          **JURISDICTION AND VENUE**

12    21.    The California Superior Court has jurisdiction in this matter due to Defendants'

13    aforementioned violations of California statutory law and/or related common law principles.

14    22.    The California Superior Court also has jurisdiction in this matter because both the

15    individual and aggregate monetary damages and restitution sought herein exceed the minimal

16    jurisdictional limits of the Superior Court and will be established at trial, according to proof.

17    23.    The California Superior Court also has jurisdiction in this matter because during

18    their employment with Defendants, Plaintiff BRENT ANDERSON and the members of the putative

19    Classes herein were all California citizens. Further, there is no federal question at issue, as the issues

20    herein are based solely on California statutes and law.

21    24.    Venue is proper in San Bernardino County pursuant to CCP §395(a) and CCP

22    §395.5 in that liability arose there because at least some of the transactions that are the subject

23    matter of this Complaint occurred therein and/or each Defendant either is found, maintains

24    offices, transacts business, and/or has an agent therein.

25                                         **IV.**

26                          **CLASS ACTION ALLEGATIONS**

27    25.    CCP §382 provides in pertinent part: "…[W]hen the question is one of a common

28    or general interest, of many persons, or when the parties are numerous, and it is impracticable to

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@KBarnes.com

- 5 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**
**EXHIBIT A - Page 5**

bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiffs bring this suit as a class action pursuant to CCP §382.

26.     The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

    a.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were subjected to Defendants' policies and practices regarding the calculation of overtime pay as specifically described herein (hereinafter, the "Overtime Rate Class");

    b.  All California citizens employed by Defendants as hourly-paid Store Manager employees during the appropriate time period who were subjected to Defendants' policies and practices regarding meal periods as specifically described herein (hereinafter, the "Meal Period Class");

    c.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period to whom Defendants paid meal period premiums (hereinafter, the "Premium Rate Class");

    d.  All formerly-employed California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were derivatively subjected to Defendants' policies and practices regarding Labor Code §203 and the payment of final wages as specifically described herein (hereinafter, the "LC 203 Class"); and

    e.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were derivatively subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Derivative Wage Statement Class");

    f.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were independently subjected to Defendants' policies and practices regarding itemized wage statements as

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.,
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 6 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**
**EXHIBIT A - Page 6**

1  specifically described herein (hereinafter, the "Independent Wage Statement

2  Class");

3  g.  All California citizens employed by Defendants as hourly-paid Store Manager

4  employees during the appropriate time period who were subjected to

5  Defendants' policies and practices regarding business expense reimbursement

6  as specifically described herein (hereinafter, the "Reimbursements Class");

7  h.  All California citizens employed by Defendants as hourly-paid employees

8  during the appropriate time period regarding whom Defendants have engaged

9  in unlawful, unfair and/or fraudulent business acts or practices prohibited by

10  B&PC §17200, et seq. as specifically described herein (hereinafter, the

11  "17200 Class").

12  27.  The Overtime Rate Class, Meal Period Class, Premium Rate Class, LC 203 Class,

13  Derivative Wage Statement Class, Independent Wage Statement Class, Reimbursements Class

14  and 17200 Class are herein collectively referred to as the "Classes."

15  28.  Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or

16  necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a

17  class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

18  29.  Numerosity (CCP §382):

19  a.  The potential quantity of members of the Classes as defined is so numerous

20  that joinder of all members is unfeasible and impractical;

21  b.  The disposition of the claims of the members of the Classes through this class

22  action will benefit both the parties and this Court;

23  c.  The quantity of members of the Classes is unknown to Plaintiffs at this time;

24  however, it is estimated that the membership of the Classes numbers greater

25  than 100 individuals; and

26  d.  The quantity and identity of such membership is readily ascertainable via

27  inspection of Defendants' records.

28  ///

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
Tel.: (323) 549-9100
Fax:(323) 549-0101
Barnes@KBarnes.com

- 7 -
**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**
**EXHIBIT A - Page 7**

30.     Superiority (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

    a.  California has a public policy which encourages the use of the class action device;

    b.  By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

    c.  This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

    d.  If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

    e.  Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

    f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

///

ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT

**EXHIBIT A - Page 8**

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
SUITE 1460
Los Angeles, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

    i)  a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

    ii)  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

    iii)  inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

    iv)  potentially incompatible standards of conduct for Defendants; and

    v)  potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.  The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i.  Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j.  The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

31.  <u>Well-defined Community of Interest</u>: Plaintiffs also meet the established standards for class certification (see, e.g. <u>Lockheed Martin Corp. v. Superior Court</u> (2003) 29 Cal.4th 1096), as follows:

///

ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT
**EXHIBIT A - Page 9**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

a. <u>Typicality</u>: The claims of Plaintiff BRENT ANDERSON are typical of the claims of all members of the Classes he seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

b. <u>Adequacy</u>: Plaintiff BRENT ANDERSON:

   i)     is an adequate representative of the Classes he seeks to represent;

   ii)    will fairly protect the interests of the members of the Classes;

   iii)   has no interests antagonistic to the members of the Classes; and

   iv)   will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c. <u>Predominant Common Questions of Law or Fact</u>: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

   i)     Whether Defendants paid all overtime wages owed to the members of the Overtime Rate Class at the appropriate overtime pay rate;

   ii)    Whether Defendants failed and continue to fail to provide legally-requisite meal periods to the members of the Meal Period Class in violation of the <u>Labor Code</u> and Section 11 of the <u>IWC Wage Orders</u>;

   iii)  Whether Defendants paid meal period premiums at the legal pay rate;

   iv)  Whether Defendants are liable pursuant to <u>Labor Code</u> §203 to the members of the LC 203 Class;

   v)    Whether Defendants derivatively failed to timely furnish accurate, itemized and legal wage statements to the members of the Wage Statement Class;

///

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd. 11th
Suite 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

vi) Whether Defendants independently failed to timely furnish accurate, itemized and legal wage statements to the members of the Wage Statement Class;

vii) Whether Defendants failed to fully reimburse for all work-related expenses incurred by the members of the Reimbursements Class;

viii) Whether the members of the Classes are entitled to penalties pursuant to Labor Code §§2698, et seq.;

ix) Whether Defendants' conduct constitutes unfair competition within the meaning of B&PC §17200, et seq.;

x) Whether Defendants' conduct constitutes unfair business practices within the meaning of B&PC §17200, et seq.;

xi) Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

xii) Whether the members of the Classes are entitled to injunctive relief;

xiii) Whether the members of the Classes are entitled to restitution; and

xiv) Whether Defendants are liable for attorneys' fees and costs.

32.    Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232, 238).

## V.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

## AT THE LEGAL OVERTIME PAY RATE

### (On Behalf of the Overtime Rate Class)

### (Against All Defendants)

33.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX:(323) 549-0101
BARNES@KBARNES.COM

- 11 -

forth herein.

34. Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

35. The "regular rate of pay" includes "all [applicable] remuneration paid to, or on behalf of the employee." See, e.g., 29 U.S.C. §207(3). The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

36. Labor Code §§1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

37. Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

    a. Administered a uniform company policy and practice regarding the payment of wages, including overtime and bonuses, to the members of the Overtime Rate Class;

    b. Scheduled and/or required the members of the Overtime Rate Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek;

    c. Paid the members of the Overtime Rate Class nondiscretionary bonuses paid on a quarterly basis and/or otherwise; and

    d. Failed to pay the members of the Overtime Rate Class for all work accomplished in excess of forty (40) hours per week at the appropriate overtime rate, reflecting all applicable forms of remuneration, including but not limited to said bonuses, as required by law.

///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL:(323) 549-9100
FAX:(323) 549-0101
BARNES@KBARNES.COM

- 12 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**
**EXHIBIT A - Page 12**

38.     Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218 and Labor Code §1194(a), to recovery by the members of the Overtime Rate Class, in a civil action, for the unpaid balance of the full amount of the overtime premiums owing.

39.     That calculation of individual damages for the members of the Overtime Rate Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256).

40.     Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Overtime Rate Class seek recovery of pre-judgment interest on all amounts recovered herein.

41.     Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the Overtime Rate Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE ALL MEAL PERIODS

### (On Behalf of the Meal Period Class)

### (Against All Defendants)

42.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

43.     Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 13 -

44.     Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

45.     Labor Code §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

46.     Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

47.     On one or more occasions, the members of the Meal Period Class worked over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

48.     Further, on one or more occasions, some members of the Meal Period Class worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less than 30 minutes.

49.     The members of the Meal Period Class did not validly or legally waive their meal periods, by mutual consent with Defendants or otherwise.

50.     The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

51.     As a matter of Defendants' established company policy, Defendants failed to always comply with the meal period requirements established by Labor Code §226.7, Labor

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1  Code §512, Labor Code §516 and Section 11 of the IWC Wage Orders by failing to always

2  provide the members of the Meal Period Class with a first and in some cases a second legally

3  compliant meal period.

4       52.    Pursuant to Section 11(B) of the IWC Wage Order(s) and Labor Code §226.7(c)

5  which states "If an employer fails to provide an employee a meal or rest or recovery period in

6  accordance with a state law, including, but not limited to, an applicable statute or applicable

7  regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and

8  Health Standards Board, or the Division of Occupational Safety and Health, the employer shall

9  pay the employee one additional hour of pay at the employee's regular rate of compensation for

10  each workday that the meal or rest or recovery period is not provided.," the members of the Meal

11  Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each

12  employee's regular rate of compensation for each work day that the meal period was not

13  provided, in a sum to be proven at trial.

14       53.    Pursuant to Labor Code §218.6 and CC §3287, the members of the Meal Period

15  Class seek recovery of pre-judgment interest on all amounts recovered herein.

16                          **THIRD CAUSE OF ACTION**

17       **FAILURE TO PAY MEAL PREMIUM WAGES AT THE LEGAL PAY RATE**

18                         **(On Behalf of the Premium Rate Class)**

19                              **(Against All Defendants)**

20       54.    Plaintiffs incorporate by reference and reallege each and every one of the

21  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

22  forth herein.

23       55.    Labor Code §516 provides that the Industrial Welfare Commission "may adopt or

24  amend working condition orders with respect to break periods, meal periods, and days of rest for

25  any workers in California consistent with the health and welfare of those workers."

26       56.    Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to

27  provide an employee a meal period in accordance with the applicable provisions of this order, the

28  employer shall pay the employee one (1) hour of pay at the employee's regular rate of

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 15 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**

**EXHIBIT A - Page 15**

1   compensation for each workday that the meal period is not provided."

2   57.    The "regular rate of pay" includes "all [applicable] remuneration paid to, or on

3   behalf of the employee." See, e.g., 29 U.S.C. §207(3). The California Industrial Welfare

4   Commission applies this standard for determining an employee's regular rate of pay for overtime

5   calculation purposes.

6   58.    As a matter of Defendants' established company policy, Defendants failed to

7   always comply with the meal period requirements established by Labor Code §226.7, Labor

8   Code §512, Labor Code §516 and Section 11 of the IWC Wage Order(s).

9   59.    Pursuant to Section 11(B) and/or Section 12 of the IWC Wage Order(s) and Labor

10  Code §226.7(b)/(c), which states "if an employer fails to provide an employee a meal or rest

11  period in accordance with an applicable order of the Industrial Welfare Commission, the

12  employer shall pay the employee one additional hour of pay at the employee's regular rate of

13  compensation for each work day that the meal or rest period is not provided," the members of the

14  Premium Rate Class were entitled to damages in an amount equal to one (1) additional hour of

15  pay at each employee's regular rate of compensation for each work day that a meal period was

16  not provided, in a sum to be proven at trial.

17  60.    However, Defendants, as a matter of established company policy and procedure,

18  at each and every one of the individual facilities owned and/or operated by Defendants,

19  consistently:

20      a.  Administered a uniform company policy and practice regarding the payment

21          of wages, including premium pay, to the members of the Premium Rate Class;

22      b.  Paid the members of the Premium Rate Class meal premium wages not at the

23          regular rate of pay, but at a base rate of pay or otherwise, and/or not including

24          "all [applicable] remuneration paid to, or on behalf of the employee"; and

25      c.  As such, failed to pay the members of the Premium Rate Class all

26          compensation owed, as required by law.

27  61.    Defendants' pattern, practice and uniform administration of corporate policy

28  regarding illegal employee compensation as described herein is unlawful and creates an

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
Tel: (323) 549-9100
Fax: (323) 549-0101
Barnes@Kbarnes.com

- 16 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**
## EXHIBIT A - Page 16

1   entitlement, pursuant to <u>Labor Code</u> §218 and <u>Labor Code</u> §1194(a), to recovery by the members

2   of the Premium Rate Class, in a civil action, for the unpaid balance of the full amount of the

3   overtime premiums owing.

4       62.    That calculation of individual damages for the members of the Premium Rate

5   Class may at some point be required does not foreclose the possibility of taking common

6   evidence on questions regarding their entitlement to overtime compensation (see, e.g. <u>Collins v.</u>

7   <u>Rocha</u> (1972) 7 Cal.3d 232; <u>Hypolite v. Carleson</u> (1975) 52 Cal.App.3d 566; <u>Employment</u>

8   <u>Development Dept. v. Superior Court</u> (1981) 30 Cal.3d 256).

9       63.    Pursuant to <u>Labor Code</u> §218.6, <u>Labor Code</u> §1194(a) and <u>CC</u> §3287, the

10  members of the Premium Rate Class seek recovery of pre-judgment interest on all amounts

11  recovered herein.

12      64.    Pursuant to <u>Labor Code</u> §218.5 and/or <u>Labor Code</u> §1194, the members of the

13  Premium Rate Class request that the Court award reasonable attorneys' fees and costs incurred

14  by them in this action.

15  **FOURTH CAUSE OF ACTION**

16  **DERIVATIVE VIOLATIONS OF <u>LABOR CODE</u> §203**

17  **(On Behalf of the Derivative LC 203 Class)**

18  **(Against All Defendants)**

19      65.    Plaintiffs incorporate by reference and reallege each and every one of the

20  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

21  forth herein.

22      66.    <u>Labor Code</u> §203 provides that if an employer willfully fails to pay, without

23  abatement or reduction, in accordance with <u>Labor Code</u> §§201 and 202, any wages of an

24  employee who is discharged or who quits, the wages of the employee shall continue at the same

25  rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is

26  commenced.

27      67.    The members of the Derivative LC 203 Class are no longer employed by

28  Defendants as they were either discharged from or quit Defendants' employ.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

68. Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, as set forth above, according to amendment or proof.

69. As set forth above, Defendants willfully failed to pay the members of the Derivative LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

70. Defendants' willful failure to pay wages to the members of the Derivative LC 203 Class violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the Derivative LC 203 Class, as set forth above, but Defendants failed to pay them.

71. Thus, the members of the Derivative LC 203 Class are entitled to recovery pursuant to Labor Code §203.

## FIFTH CAUSE OF ACTION

### DERIVATIVE FAILURE TO TIMELY

### FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

#### (On Behalf of the Derivative Wage Statement Class)

72. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

73. Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee... (4) all deductions... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by the

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1   employee....".

2       74.    Further, the <u>IWC Wage Orders</u> §7(A) states in pertinent part: "(A) Every

3   employer shall keep accurate information with respect to each employee including the following:

4   (3) Time records showing when the employee begins and ends each work period. Meal periods,

5   split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked

6   in the payroll period and applicable rates of pay...."

7       75.    Therefore, pursuant to <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A),

8   California employers are required to maintain accurate records pertaining to the total hours

9   worked for Defendants by the members of the Derivative Wage Statement Class, including but

10  not limited to, beginning and ending of each work period, meal period and split shift interval, the

11  total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

12      76.    As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the <u>IWC Wage</u>

13  <u>Orders</u> §7(A), Defendants did not and still do not furnish each of the members of the Derivative

14  Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages

15  earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or

16  (5) all applicable hourly rates in effect during each respective pay period and the corresponding

17  number of hours worked at each hourly rate by each respective individual.

18      77.    As set forth herein in prior causes of action, Defendants allegedly failed to pay the

19  members of the Derivative Wage Statement Class all wages due and owing.

20      78.    As a derivative result of this failure to pay wages and as a pattern and practice in

21  violation of <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A), Defendants did not and do

22  not maintain accurate records pertaining to the total hours worked for Defendants by the

23  members of the Derivative Wage Statement Class, including but not limited to, beginning and

24  ending of each work period, meal period interval, total daily hours worked, total hours worked

25  per pay period, and the applicable rates of pay.

26      79.    As of January 1, 2013, SB 1255 amended <u>Labor Code</u> §226 to clarify that an

27  employee suffers injury if the employer fails to provide accurate and complete information as

28  required by any one or more items listed in <u>Labor Code</u> §226(a)(1)-(9) and the employee cannot

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**

**EXHIBIT A - Page 19**

1   promptly and easily ascertain requisite information without reference to other documents or

2   information.

3       80.    Here, the members of Derivative Wage Statement Class suffered injury because,

4   due to Defendants' failure to pay all wages due and owing, Defendants derivatively failed to

5   provide accurate and complete information as required by one or more items listed in Labor

6   Code §226(a)(1)-(9).

7       81.    In addition, the members of the Derivative Wage Statement Class have suffered

8   injury as a result of Defendants' failure to maintain accurate records for the members of the

9   Derivative Wage Statement Class in that the members of the Derivative Wage Statement Class

10   were not timely provided written accurate itemized statements showing all requisite information,

11   including but not limited to total hours worked by the employee, net wages earned and all

12   applicable hourly rates in effect during the pay period and the corresponding number of hours

13   worked at each hourly rate, in violation of Labor Code §226 and the IWC Wage Orders §7(A),

14   such that the members of the Derivative Wage Statement Class were misled by Defendants as to

15   the correct information regarding various items, including but not limited to total hours worked

16   by the employee, net wages earned and all applicable hourly rates in effect during the pay period

17   and the corresponding number of hours worked at each hourly rate.

18       82.    The actual injuries suffered by the members of the Derivative Wage Statement

19   Class as a result of Defendants' knowing and intentional failure to maintain accurate records for

20   the members of the Derivative Wage Statement Class include but are not limited to:

21           a.   Confusion over whether they received all wages owed them by Defendants;

22           b.   The difficulty and expense of attempting to reconstruct time and pay records;

23           c.   Being forced to engage in mathematical computations to analyze whether

24               Defendants' wages in fact compensated for all hours worked;

25           d.   The inability to accurately calculate wage rates complicated by the fact that

26               wage statement information required by Labor Code §226 is missing;

27           e.   That such practice prevents the members of the Derivative Wage Statement

28               Class from being able to effectively challenge information on their wage

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 20 -

ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT

**EXHIBIT A - Page 20**

1    statements; and/or

2        f.   The difficulty and expense of filing and maintaining this lawsuit, and the

3            discovery required to collect and analyze the very information that California

4            law requires.

5        83.   Pursuant to Labor Code §226(e), the members of the Derivative Wage Statement

6    Class are entitled to fifty dollars ($50.00) per employee for the initial pay period in which a

7    violation hereunder occurs and one hundred dollars ($100.00) per employee for each violation in

8    a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

9    ($4,000.00).

10       84.   Pursuant to Labor Code §226(g), the currently-employed members of the

11   Derivative Wage Statement Class are entitled to injunctive relief to ensure Defendants'

12   compliance with Labor Code §226.

13       85.   Pursuant to Labor Code §226(e) and/or §226(g), the members of the Derivative

14   Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

15               **SIXTH CAUSE OF ACTION**

16              **INDEPENDENT FAILURE TO TIMELY**

17      **FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

18       **(On Behalf of the Independent Wage Statement Class)**

19             **(Against All Defendants)**

20       86.   Plaintiffs incorporate by reference and reallege each and every one of the

21   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

22   forth herein.

23       87.   Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly

24   or at the time of each payment of wages, furnish each of his or her employees, either as a

25   detachable part of the check, draft, or voucher paying the employee's wages, or separately when

26   wages are paid by personal check or cash, an accurate itemized statement in writing showing (1)

27   gross wages earned, (2) total hours worked by the employee, except for any employee whose

28   compensation is solely based on a salary and who is exempt from payment of overtime under

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
Tel.: (323) 549-9100
Fax: (323) 549-0101
BARNES@KTBLAW.COM

- 21 -

1 | subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3)

2 | the number of piece-rate units earned and any applicable piece rate if the employee is paid on a

3 | piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the

4 | employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

5 | dates of the period for which the employee is paid, (7) the name of the employee and only the

6 | last four digits of his or her social security number or an employee identification number other

7 | than a social security number, (8) the name and address of the legal entity that is the employer

8 | and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the

9 | name and address of the legal entity that secured the services of the employer, and (9) all

10 | applicable hourly rates in effect during the pay period…".

11 |      88.     As a pattern and practice, in violation of Labor Code §226(a), Defendants did not

12 | and still do not furnish each of the members of the Independent Wage Statement Class with an

13 | accurate itemized statement in writing showing the name and address of the legal entity that

14 | secured the services of the employer.

15 |      89.     As of January 1, 2013, SB 1255 amended Labor Code §226 to clarify that an

16 | employee suffers injury if the employer fails to provide accurate and complete information as

17 | required by any one or more items listed in Labor Code §226(a)(1)-(9) and the employee cannot

18 | promptly and easily ascertain requisite information without reference to other documents or

19 | information.

20 |      90.     Here, the members of Independent Wage Statement Class suffered injury because

21 | Defendants failed to provide accurate and complete information as required by one or more items

22 | listed in Labor Code §226(a)(1)-(9) and the Independent Wage Statement Class members could

23 | not and cannot promptly and easily ascertain requisite information without reference to other

24 | documents or information.

25 |      91.     In addition, the members of the Independent Wage Statement Class have suffered

26 | injury as a result of Defendants' failure to maintain accurate records for the members of the

27 | Independent Wage Statement Class in that the members of the Independent Wage Statement

28 | Class were not timely provided written accurate itemized statements showing all requisite

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 22 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**

**EXHIBIT A - Page 22**

1  information, including the name and address of the legal entity that is the employer, in violation

2  of Labor Code §226, such that the members of the Independent Wage Statement Class were

3  misled by Defendants as to the correct information regarding various items, including the name

4  and address of the legal entity that is the employer.

5        92.    The actual injuries suffered by the members of the Independent Wage Statement

6  Class as a result of Defendants' knowing and intentional failure to maintain accurate records for

7  the members of the Independent Wage Statement Class include but are not limited to:

8             a.   That such practice prevents the members of the Independent Wage Statement

9                 Class from being able to effectively challenge information on their wage

10                 statements; and/or

11             b.   The difficulty and expense of filing and maintaining this lawsuit, and the

12                 discovery required to collect and analyze the very information that California

13                 law requires.

14        93.    Pursuant to Labor Code §226(e), the members of the Independent Wage

15  Statement Class are entitled to fifty dollars ($50.00) per employee for the initial pay period in

16  which a violation hereunder occurs and one hundred dollars ($100.00) per employee for each

17  violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

18  ($4,000.00).

19        94.    Pursuant to Labor Code §226(g), the currently-employed members of the

20  Independent Wage Statement Class are entitled to injunctive relief to ensure Defendants'

21  compliance with Labor Code §226.

22        95.    Pursuant to Labor Code §226(e) and/or §226(g), the members of the Independent

23  Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

24  <div align="center">**SEVENTH CAUSE OF ACTION**</div>

25  <div align="center">**FAILURE TO FULLY REIMBURSE WORK EXPENSES**</div>

26  <div align="center">**(On Behalf of the Reimbursements Class)**</div>

27  <div align="center">**(Against All Defendants)**</div>

28        96.    Plaintiffs incorporate by reference and reallege each and every one of the

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

- 23 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**

1  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

2  forth herein.

3      97.    Pursuant to <u>Labor Code</u> §450(a), "no employer…may compel or coerce any

4  employee… to patronize his or her employer, or any other person, in the purchase of any thing of

5  value."

6      98.    Pursuant to <u>Labor Code</u> §2802(a), "an employer shall indemnify his or her

7  employee for all necessary expenditures or losses incurred by the employee in direct

8  consequence of the discharge of his or her duties, or of his or her obedience to the directions of

9  the employer."

10     99.    <u>Labor Code</u> §2804 states in pertinent part: "Any contract or agreement, express or

11 implied, made by any employee to waive the benefits of this article or any part thereof is null and

12 void, and this article shall not deprive any employee or his personal representative of any right or

13 remedy to which he is entitled under the laws of this State."

14     100.   As a matter of Defendants' established company policy, the members of the

15 Reimbursements Class were and are required by Defendants to personally incur necessary

16 expenditures in direct consequence of the discharge of their duties, including but not limited to

17 the use of their personal mobile devices for work-required activities.

18     101.   Defendants are legally required to reimburse the members of the Reimbursements

19 Class for all necessary expenditures at a reasonable rate.

20     102.   Defendants failed to fully and reasonably reimburse the members of the

21 Reimbursements Class for all necessary expenditures at a reasonable rate, including but not

22 limited to the aforementioned expenditures.

23     103.   As a proximate result of the aforementioned violations of <u>Labor Code</u> §450(a) and

24 §2802(a), the members of the Reimbursements Class are entitled to recovery from Defendants of

25 the unpaid balance for all necessary expenditures at a reasonable rate, including but not limited

26 to the aforementioned expenditures.

27     104.   As a proximate result of the aforementioned violations of <u>Labor Code</u> §450(a) and

28 §2802(a), the members of the Reimbursements Class have been damaged in an amount according

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**
# EXHIBIT A - Page 24

1  to proof at the time of Trial.

2       105.  Pursuant to <u>Labor Code</u> §2802(b), the members of the Reimbursements Class

3  request that the Court award interest at the same rate as judgments in civil actions, accruing from

4  the date on which each member of the Reimbursements Class incurred the necessary expenditure

5  or loss.

6       106.  Pursuant to <u>Labor Code</u> §2802(c), the members of the Reimbursements Class

7  request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

8  <center>**EIGHTH CAUSE OF ACTION**</center>

9  <center>**PENALTIES PURSUANT TO <u>LABOR CODE</u> §2699**</center>

10  <center>**(On Behalf of the Aggrieved Employees)**</center>

11  <center>**(Against All Defendants)**</center>

12       107.  Plaintiffs incorporate by reference and reallege each and every one of the

13  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

14  forth herein.

15       108.  Pursuant to <u>Labor Code</u> §2699(a) (which provides that any provision of the <u>Labor</u>

16  <u>Code</u> that provides for a civil penalty to be assessed and collected by the Labor and Workforce

17  Development Agency ("LWDA") (or any of its departments, divisions, commissions, board

18  agencies or employees), such civil penalties may, as an alternative, be recovered through a civil

19  action brought by an aggrieved employee on behalf of himself or herself and other current or

20  former employees) and <u>Labor Code</u> §2699(f) (which establishes a civil penalty for violations of

21  all <u>Labor Code</u> provisions except those for which a civil penalty is specifically provided), the

22  aggrieved employees seek recovery of all applicable civil penalties, as follows:

23          a.  As applicable, civil penalties under <u>Labor Code</u> §558 (in addition to and

24                 entirely independent and apart from any other penalty provided in the <u>Labor</u>

25                 <u>Code</u>), for violations of <u>Labor Code</u> §§500-558.1, in the amount of $50 for

26                 each underpaid aggrieved employee for each pay period the aggrieved

27                 employee was underpaid in addition to an amount sufficient to recover

28                 underpaid wages, and $100 for each subsequent violation for each underpaid

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@KBarnes.com

<center>- 25 -</center>

1    employee for each pay period for which the employee was underpaid in

2    addition to an amount sufficient to recover underpaid wages, with all wages

3    recovered pursuant to Labor Code §558 provided to the aggrieved employees;

4    b.  As applicable, civil penalties under Labor Code §1197.1 (in addition to and

5    entirely independent and apart from any other penalty provided in the Labor

6    Code), for violations of Labor Code §§1194 and 1197, in the amount of $100

7    for each underpaid aggrieved employee for each pay period the aggrieved

8    employee was intentionally underpaid in addition to an amount sufficient to

9    recover underpaid wages, and $250 for each subsequent violation for each

10    underpaid aggrieved employees regardless of whether the initial violation was

11    intentionally committed in addition to an amount sufficient to recover

12    underpaid wages, with all wages recovered pursuant to Labor Code §1197.1;

13    c.  As applicable, civil penalties under Labor Code §210 (in addition to and

14    entirely independent and apart from any other penalty provided in the Labor

15    Code), for each employee who is/was not paid wages in accordance with

16    Labor Code §§201.3, 204, 204b, 204.1, 204.2, 205, 205.5 and 1197.5) in the

17    amount of a civil penalty of $100 for each aggrieved employee per pay period

18    for each initial violation, and $200 for each aggrieved employee per pay

19    period for each subsequent violation, plus twenty-five percent (25%) of the

20    wages wrongly withheld;

21    d.  As applicable, civil penalties under Labor Code §226.3 (in addition to and

22    entirely independent and apart from any other penalty provided in the Labor

23    Code), for each violation of Labor Code §226(a), in the amount of $250 for

24    each aggrieved employee per pay period for each violation and $1,000 for

25    each aggrieved employee per pay period for each subsequent violation;

26    e.  As applicable, civil penalties under Labor Code §256 (in addition to and

27    entirely independent and apart from any other penalty provided in the Labor

28    Code), for any aggrieved employee who was discharged or quit, and was not

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.,
Suite 1460
Los Angeles, CA
90036-5664
Tel.:(323)549-9100
Fax:(323)549-0101
Barnes@kbarnes.com

- 26 -

ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT
**EXHIBIT A - Page 26**

1     paid all earned wages at termination in accordance with Labor Code §§201,

2     201.1, 201.5, 202, and 205.5, in the amount of a civil penalty of one day of

3     pay, at the same rate, for each day that he or she was paid late, until payment

4     was/is made, up to a maximum of thirty (30) days;

5     f.   As applicable, civil penalties under Labor Code §2699(f), for all violations of

6         the Labor Code except for those for which a civil penalty is specifically

7         provided, in the amount of one hundred dollars ($100.00) for each aggrieved

8         employee per pay period for the initial violation; and two hundred dollars

9         ($200.00) for each aggrieved employee per pay period for each subsequent

10         violation; and

11     g.   As applicable, any and all additional applicable civil penalties and sums as

12         provided by the Labor Code and/or other relevant statutes.

13     109.   In addition, Plaintiffs seek and are entitled to seventy-five percent (75%) of all

14 penalties obtained under Labor Code §2699 to be allocated to the LWDA, for education of

15 employers and employees about their rights and responsibilities under the Labor Code, and

16 twenty-five percent (25%) to all aggrieved employees.

17     110.   Further, Plaintiffs are entitled to recover reasonable attorneys' fees and costs

18 pursuant to Labor Code §§2699(g)(1), 218.5, 1194(a), and any other applicable statute.

19     111.   Labor Code §2699.3(a) states in pertinent part: "A civil action by an aggrieved

20 employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision

21 listed in Section 2699.5 shall commence only after the following requirements have been met:

22 (1) (A) The aggrieved employee or representative shall give written notice by online filing with

23 the Labor and Workforce Development Agency and by certified mail to the employer of the

24 specific provisions of this code alleged to have been violated, including the facts and theories to

25 support the alleged violation."

26     112.   Labor Code §2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved

27 employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision

28 other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 27 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**

1  commence only after the following requirements have been met: (1) (A) The aggrieved

2  employee or representative shall give written notice by online filing with the Labor and

3  Workforce Development Agency and by certified mail to the employer of the specific provisions

4  of this code alleged to have been violated, including the facts and theories to support the alleged

5  violation."

6      113.   Here, Plaintiffs' civil action alleges violations of provisions listed in Labor Code

7  §2699.5 and violations of provisions other than those listed in Labor Code §2699.5. As such,

8  Labor Code §2699.3(a) and §2699.3(c) apply to this action.

9      114.   On August 7, 2017, Plaintiffs complied with Labor Code §2699.3(a) and Labor

10  Code §2699.3(c) in that Plaintiffs gave written notice by online filing with the LWDA and by

11  certified mail to Defendants of the specific provisions of the Labor Code alleged to have been

12  violated, including the facts and theories to support the alleged violations. Attached hereto as

13  Exhibit "1" is Plaintiffs' LWDA letter.

14      115.   Labor Code §2699.3(a) further states in pertinent part: "(2)(A) The agency shall

15  notify the employer and the aggrieved employee or representative by certified mail that it does

16  not intend to investigate the alleged violation within 60 calendar days of the postmark date of the

17  notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided

18  within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the

19  aggrieved employee may commence a civil action pursuant to Section 2699."

20      116.   As of October 11, 2017 (65 calendar days after Plaintiffs' August 7, 2017 LWDA

21  letter was filed online), Plaintiffs had not received any notification that the LWDA intended to

22  investigate the alleged violations. As such, Plaintiffs have complied with Labor Code §2699.3(a)

23  and have been given authorization therefrom to commence a civil action which includes a cause

24  of action pursuant to Labor Code §2699.

25      117.   Further, as of September 9, 2017 (33 calendar days after Plaintiffs' August 7,

26  2017 LWDA letter was mailed to Defendants via certified mail), Plaintiffs have not received

27  from Defendants written notice by certified mail that the alleged violations have been cured,

28  including a description of actions taken. As such, Plaintiffs have complied with Labor Code

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 28 -

ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT
**EXHIBIT A - Page 28**

§2699.3(c) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to Labor Code §2699.

### NINTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

#### (On Behalf of the 17200 Class)

#### (Against All Defendants)

118.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

119.    B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

120.    B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

121.    B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

122.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

123.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

124.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
LOS ANGELES, CA.
90036-5664
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@KBarnes.com

- 29 -

1    125.    Plaintiffs have suffered injury in fact and have lost money or property as a result

2    of such unfair competition.

3    126.    Plaintiffs seek full restitution from Defendants, as necessary and according to

4    proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means

5    of the unfair practices complained of herein.

6    127.    Further, if Defendants are not enjoined from the conduct set forth above,

7    Defendants will continue to practice, employ and utilize the employment practices outlined in the

8    preceding paragraphs.

9    128.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent

10   injunction prohibiting Defendants from engaging in the foregoing conduct.

11   129.    Plaintiffs seek the appointment of a receiver, as necessary, to establish the total

12   monetary relief sought from Defendants.

13   ## VI.

14   ## **PRAYER FOR RELIEF**

15   WHEREFORE, Plaintiffs pray:

16   a.   That the Court issue an Order certifying the Classes herein, appointing all named

17   Plaintiffs as representative of all others similarly situated, and appointing all law

18   firms representing all named Plaintiffs as counsel for the members of the Classes;

19   As to the First Cause of Action for Failure to Pay Overtime Wages at the Appropriate Overtime

20   Pay Rate:

21   b.   For damages, as set forth in Labor Code §1194(a) and the IWC Wage Order(s)

22   regarding wages due and owing, according to proof;

23   c.   For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a)

24   and CC §3287;

25   d.   For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5

26   and/or Labor Code §1194(a);

27   As to the Second Cause of Action for Failure to Provide Meal Periods:

28   e.   For one (1) hour of pay at the regular rate of compensation for each member of the

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 30 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**
## EXHIBIT A - Page 30

1      Meal Period Class for each workday that a meal or rest period was not provided;

2      f.   For pre-judgment interest as authorized by <u>Labor Code</u> §218.6 and <u>CC</u> §3287;

3   <u>As to the Third Cause of Action for Failure to Pay Premium Wages At the Legal Pay Rate:</u>

4      g.   For damages, as set forth in <u>Labor Code</u> §1194(a) and the <u>IWC Wage Order(s)</u>

5         regarding wages due and owing, according to proof;

6      h.   For pre-judgment interest as allowed by <u>Labor Code</u> §218.6, <u>Labor Code</u> §1194(a)

7         and <u>CC</u> §3287:

8      i.   For an award of reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §218.5

9         and/or <u>Labor Code</u> §1194(a);

10  <u>As to the Fourth Cause of Action for Derivative Violations of Labor Code §203:</u>

11     j.   For recovery as authorized by <u>Labor Code</u> §203;

12  <u>As to the Fifth Cause of Action for Derivative Failure to Timely Furnish Accurate Itemized</u>

13  <u>Wage Statements:</u>

14     k.   For recovery as authorized by <u>Labor Code</u> §226(e);

15     l.   For an award of costs and reasonable attorneys' fees pursuant to <u>Labor Code</u> §226(e)

16        and/or §226(g);

17  <u>As to the Sixth Cause of Action for Independent Failure to Timely Furnish Accurate Itemized</u>

18  <u>Wage Statements:</u>

19     m.  For recovery as authorized by <u>Labor Code</u> §226(e);

20     n.   For an award of costs and reasonable attorneys' fees pursuant to <u>Labor Code</u> §226(e)

21        and/or §226(g);

22  <u>As to the Seventh Cause of Action for Unpaid Reimbursements for Work Expenses:</u>

23     o.   For recovery of the unpaid balance for all necessary expenditures and losses incurred

24        in direct consequence of the discharge of Defendants' duties;

25     p.   For interest thereon at the same rate as judgments in civil actions, accruing from the

26        date on which each member of the Reimbursements Class incurred the necessary

27        expenditure or loss, pursuant to <u>Labor Code</u> §2802(b);

28     q.   For reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §2802(c);

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 31 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**

**EXHIBIT A - Page 31**

As to the Eighth Cause of Action for Penalties Pursuant to Labor Code §2699:

    r.  For civil penalties pursuant to Labor Code §558, in addition to and entirely independent and apart from other penalties in the Labor Code, as follows:

        i  For any initial violation, $50 for each aggrieved underpaid employee for each pay period for which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages;

        ii.  For each subsequent violation, $100 for each aggrieved underpaid employee for each pay period for which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages; and

        iii.  For all unpaid wages, to be paid to the aggrieved employees;

    s.  For civil penalties pursuant to Labor Code §1197.1, in addition to and entirely independent and apart from other penalties in the Labor Code, as follows:

        i.  For any initial violation that is intentionally committed, $100 for each aggrieved underpaid employee for each pay period for which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages;

        ii.  For each subsequent violation, regardless of whether the initial violation is intentionally committed, $250 for each aggrieved underpaid employee for each pay period for which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages; and

        iii.  For all unpaid wages, to be paid to the aggrieved employees;

    t.  For civil penalties under Labor Code §210, in addition to and entirely independent and apart from other penalties in the Labor Code, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation, plus 25% of the wages wrongly withheld;

    u.  For civil penalties per Labor Code §226.3, in addition to and entirely independent and apart from other penalties in the Labor Code, in the amount of $250 for each

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**
**EXHIBIT A - Page 32**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

1    aggrieved employee per pay period for each violation, and $1,000 for each aggrieved

2    employee per pay period for each subsequent violation;

3    v.  For civil penalties per Labor Code §256, in addition to and entirely independent and

4    apart from other penalties in the Labor Code, in the amount of one day of pay, at the

5    same rate, for each day that an aggrieved employee was paid late, at the time of

6    termination, until payment was/is made, up to a maximum of thirty (30) days;

7    w.  For civil penalties pursuant to Labor Code §2699(f), in addition to and entirely

8    independent and apart from other penalties in the Labor Code and for Labor Code

9    violations without a specific civil penalty, in the amount of $100 for each aggrieved

10    employee per pay period for each violation, and $200 for each aggrieved employee

11    per pay period for each subsequent violation;

12    x.  For reasonable attorneys' fees and costs incurred pursuant to Labor Code

13    §§2699(g)(1) and any other applicable statute;

14  As to the Ninth Cause of Action for Unfair Business Practices:

15    y.  For an accounting, under administration of Plaintiffs and/or the receiver and subject

16    to Court review, to determine the amount to be returned by Defendants, and the

17    amounts to be refunded to members of the Classes who are owed monies by

18    Defendants;

19    z.  For an Order requiring Defendants to identify each of the members of the Classes by

20    name, home address, home telephone number and, if available, email address;

21    aa. For an Order requiring Defendants to make full restitution and payment pursuant to

22    California law;

23    bb. For an Order for a preliminary and/or permanent injunction prohibiting Defendants

24    from engaging in the acts complained of herein;

25    cc. For the creation of an administrative process wherein each injured member of the

26    Classes may submit a claim in order to receive his/her money;

27    dd. For all other appropriate injunctive, declaratory and equitable relief;

28    ee. For interest to the extent permitted by law;

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
Tel.: (323) 549-9100
Fax: (323) 549-0101
BARNES@KBARNES.COM

- 33 -

ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT
**EXHIBIT A - Page 33**

1       ff. For an award of attorneys' fees and costs incurred in the investigation, filing and

2        prosecution of this action pursuant to <u>CCP</u> §1021.5, <u>B&PC</u> §17200, et seq., <u>Labor</u>

3        <u>Code</u> §1194 and/or any other applicable provision of law;

4  <u>As to All Causes of Action:</u>

5       gg. For such relief as this Court may deem just and proper, including reasonable

6        attorneys' fees and costs incurred.

7                              **VII.**

8                **DEMAND FOR JURY TRIAL**

9    Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

10  Dated: November 8, 2017             LAW OFFICES OF KEVIN T. BARNES

11

12                              By:

13                                  Kevin T. Barnes, Esq.
                                    Gregg Lander, Esq.
                                    Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
KEVIN T. BARNES
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
Tel.: (323) 549-9100
Fax: (323) 549-0101
BARNES@KBARNES.COM

- 34 -

**ANDERSON V. THE SHERWIN-WILLIAMS COMPANY - COMPLAINT**

**EXHIBIT A - Page 34**

LAW OFFICES OF
# KEVIN T. BARNES

KEVIN T. BARNES
GREGG LANDER

—

OF COUNSEL:
JOSEPH ANTONELLI

5670 WILSHIRE BOULEVARD, SUITE 1460
LOS ANGELES, CALIFORNIA 90036-5664

TELEPHONE: (323) 549-9100
Toll-Free: (877) 309-3577 / FAX: (323) 549-0101

A Professional Law Corporation

—

www.kbarnes.com

—

Barnes@kbarnes.com

August 7, 2017

**VIA ELECTRONIC MAIL ($75 filing fee to follow by mail)**

PAGA Administrator
California Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

Re:     The Sherwin-Williams Company (hereafter, the "Employer")

## NOTICE OF <u>LABOR CODE</u> VIOLATIONS PURSUANT TO <u>LABOR CODE</u> §2699.3

To:     PAGA Administrator, California Labor and Workforce Development Agency and the Employer

From:  Brent Anderson (the "Employee"), who was subjected to the wage and hour practices set forth below

The Employee, by way of the above-named counsel, submits this Notice, pursuant to and in compliance with the requirements of California <u>Labor Code</u> §2699.3(a)/(c), and alleges the facts and theories to support the alleged violations as follows:

During the applicable time period, the Employer employed the Employee and all other similarly situated aggrieved employees as hourly-paid employees, including but not limited to Store Managers, Assistant Managers and/or certain Associates. During this time period, the Employer utilized consistent policies and procedures regarding the Employee and all other similarly situated aggrieved employees, as follows:

<u>First</u>, the Employer paid the Employee and all other similarly situated hourly-paid aggrieved employees nondiscretionary pay in categories such as quarterly bonuses. However, the Employer did not consider this additional pay in the computation of the regular rate of pay to determine the correct overtime pay for the Employee and all other similarly situated aggrieved employees. As such, the Employer owes the Employee and all other similarly situated aggrieved employees unpaid overtime wages, allegedly in violation of <u>Labor Code</u> §1194, and owes penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

<u>Second</u>, the Employer failed to timely provide all legally compliant meal breaks (including second meal breaks) to the Employee and all other similarly situated Store Manager aggrieved employees, as the Employee and all other similarly situated Store Manager aggrieved employees did not always get full thirty minute uninterrupted meal breaks within the first five hours of their shift. As such, the Employee and all other similarly situated Store Manager aggrieved employees sometimes worked over five hours but were not provided all legally compliant meal breaks. Further, the Employee and all other similarly situated Store Manager aggrieved employees sometimes worked over ten hours but were not provided all legally compliant second meal breaks. The Employer did not pay always pay a meal period penalty for these violations. As such, the Employer violated <u>Labor Code</u> §§226.7, 512 and 516 and the applicable Industrial Wage Order, ¶11, and owes penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

<u>Third</u>, the Employer paid the Employee and all other similarly situated hourly-paid aggrieved employees meal period premiums. However, the Employer paid these meal period premiums at a rate of pay less than the regular rate of pay to the Employee and all other similarly situated hourly-paid aggrieved employees. As such, the Employer owes the Employee and all other similarly situated hourly-paid aggrieved employees unpaid wages, allegedly in violation of <u>Labor Code</u> §§1194 and 226.7(c), and owes penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

PAGA Administrator
Re: The Sherwin-Williams Company
August 7, 2017
Page 2

Fourth, the Employee and all other similarly situated Store Manager aggrieved employees incurred mobile phone-related expenses while performing reasonable and necessary work-related duties. In fact, these Store Manager mobile phone numbers are often posted at the front door of the Employer's stores. However, the Employer failed to reimburse for these mobile phone-related expenses. As such, the Employer violated Labor Code §§450 and 2802 by failing to reimburse the Employee and all other similarly situated aggrieved employees for all mileage-related expenses reasonably incurred in the course of their required work duties, and owes penalties pursuant to Labor Code §2699(f).

Fifth, regarding wage statements, pursuant to Labor Code §226(a) and the applicable Industrial Wage Order, the Employer is required to include certain information on an employee's wage statement. Here, the Employer issued improper wage statements to the Employee and all other similarly situated hourly-paid aggrieved employees because the Employer's wage statements did not always contain the correct name and address of the legal entity that is the employer. As such, the Employer independently violated Labor Code §226, and owes penalties pursuant to Labor Code §§2699(f).

Sixth, also regarding wage statements, and in addition to the alleged independent violations of Labor Code §226 above, pursuant to Labor Code §226 and the applicable Industrial Wage Order, the Employer is required to include on a paystub such information as all hours worked, the hourly rate of pay, and the rate of pay for overtime and double time work. Here, because of the Employer's illegal wage and hour policies as set forth above, all wages earned were not reflected on the wage statements provided by the Employer to the Employee and all other similarly situated hourly-paid aggrieved employees, and the Employer issued improper wage statements. As such, the Employer derivatively violated Labor Code §226, and owe penalties pursuant to Labor Code §§2699(f).

Seventh and finally, regarding waiting time penalties, pursuant to Labor Code §203, the Employee and all other similarly situated hourly-paid aggrieved employees are entitled to thirty day of wages at their regular rate of pay for the Employer's failure to pay all wages due upon separation of employment. Here, because of the Employer's illegal wage and hour policies as set forth above, the Employer derivatively violated Labor Code §203, and owe penalties pursuant to Labor Code §§2699(f) and/or 256.

Pursuant to Labor Code §2699.3(a)(2)(A), please advise within sixty-five (65) calendar days of the postmark date of this notice whether the LWDA intends to investigate these alleged violations. Further, pursuant to Labor Code §2699.3(c)(2)(A), the Employer may cure the alleged violations within thirty-three (33) calendar days of the postmark date of this notice and within that period, give notice by certified mail if the alleged violation is cured, including a description of actions taken.

We understand that if we do not receive a respons within sixty-five (65) calendar days of the postmark and filing date of this notice that the LWDA intends to investigate these allegations and/or a notice from the Employer that the alleged violations are cured, and/or if the alleged violations are not cured, then the Employee may immediately thereafter commence a civil action against the Employer pursuant to Labor Code §2699.

Thank you for your consideration.

Very Truly Yours,

Kevin T. Barnes
Gregg Lander

cc: (via Certified Mail)
The Sherwin-Williams Company
101 Prospect Avenue NW
Cleveland, OH 44115

cc: (via U.S. Mail)
Raphael A. Katri, Esq.
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104

**EXHIBIT A - Page 36**

ORIGINAL

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE SHERWIN-WILLIAMS COMPANY, an Ohio corporation; and
DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRENT ANDERSON, on behalf of himself and all other similarly
situated

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| F I L E D |
| SUPERIOR COURT OF CALIFORNIA |
| COUNTY OF SAN BERNARDINO |
| SAN BERNARDINO DISTRICT |
| NOV 8 2017 |
| BY _____ |
| JASMIN CASILLAS, DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* **CIVDS1722065** |
| --- | --- |
| *(El nombre y dirección de la corte es):* San Bernardino Justice Center | |

247 West Third Street
San Bernardino, CA 92415-0210

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Kevin T. Barnes, 5670 Wilshire Blvd., Suite 1460, Los Angeles, CA 90036 - (323) 549-9100

| DATE: **NOV 8 2017** | Clerk, by | , Deputy |
| --- | --- | --- |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kevin T. Barnes, Esq. (SBN#138477)<br>Law Offices of Kevin T. Barnes<br>5670 Wilshire Boulevard, Suite 1460<br>Los Angeles, California 90036<br>TELEPHONE NO.: (323) 549-9100    FAX NO.: (323) 549-0101<br>ATTORNEY FOR (Name): Brent Anderson | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>NOV 8 2017<br><br>BY _____<br>JASMIN CASILLAS, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
Brent Anderson v. The Sherwin-Williams Company

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CIVDS1722065 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 8, 2017

Kevin T. Barnes, Esq.
(TYPE OR PRINT NAME)                ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**EXHIBIT A - Page 38**

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT A - Page 39**

**ORIGINAL**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIVDS1722065

Brent Anderson

CASE NO.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

The Sherwin-Williams Company

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino _____ District of the Superior Court under Rule 404 of this court for the
checked reason:

☑ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☑ | 20. Other Employment | The cause of action arose within the district. |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| The Sherwin-Williams Company | | 11778 E Foothill Blvd | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Rancho Cucamonga | CA | | 91730 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed
on November 8, 2017          at Los Angeles _____ ,California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                              CASE NO: CIVDS1722065

              NOTICE OF TRIAL SETTING CONFERENCE


IN RE: BRENT ANDERSON -V- THE SHERWIN-WILLIAMS COMPANY

THIS CASE HAS BEEN ASSIGNED TO: JOHN M PACHECO IN DEPARTMENT S31
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 West Third Street
SAN BERNARDINO, CA  92415-0210.

       HEARING DATE: 05/09/18 at  8:30 in Dept. S31


DATE: 11/08/17  Nancy Eberhardt, Court Executive Officer
                              By: JASMIN CASILLAS
------------------------------------------------------------------------
------------------------------------------------------------------------
              CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 11/08/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 11/08/17 at San Bernardino, CA

                              BY: JASMIN CASILLAS


civ-ntsc-20130417

**EXHIBIT A - Page 41**