Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff BRENT ANDERSON,
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ANDERSON, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE SHERWIN-WILLIAMS COMPANY, an Ohio corporation; and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | **CLASS ACTION**<br><br>Case No.: 5:17-cv-02459-FMO (SHx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**<br><br>Date: October 3, 2019<br>Time: 10:00 a.m.<br>Department: 6D<br><br>Honorable Fernando M. Olguin<br>Courtroom 6D<br><br>Action filed: November 8, 2017<br>Trial Date: None Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

　　This Memorandum is submitted in support of Plaintiffs' Motion for Preliminary Approval of Class and Representative Action Settlement. The proposed settlement before this Court will dispose of the action as to The Sherwin-Williams Company (hereinafter "Defendant") and the Released Parties (as defined in the Settlement Agreement) except as to any Class Members who elect to exclude themselves ("opt-out") from the settlement Class.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

# TABLE OF CONTENTS

Page

I.     INTRODUCTION..................................................................1

II.    THE CLASS REPRESENTED ...........................................2

III.   THE TWO-STEP APPROVAL PROCESS .........................3

IV.    THE PRESUMPTION OF FAIRNESS ...............................6

V.     PROPOSED SHARE PER CLASS MEMBER....................8

VI.    LIMITED STANDING TO OBJECT TO PROPOSED SETTLEMENT.....9

VII.   SETTLEMENT AGREEMENT AND ACCOMPANYING DOCUMENTS……………………………………………10

VIII.  THE SETTLEMENT IS FAIR AND REASONABLE .............................10

IX.    CONDITIONAL CERTIFICATION OF THE CLASS ...........................12

       A. Class Certification Is Appropriate in this Case ......................12

       B. The Proposed Class is Ascertainable and Numerous ..........................13

       C. Common Issues of Law or Fact Predominate ........................14

       D. Plaintiffs' Claims Are Typical of the Class Claims ..............................15

       E. Adequacy of Representation.........................................16

X.     PROPOSED SCHEDULE OF SETTLEMENT PROCEEDINGS ............16

XI.    ACTION REQUESTED AS PART OF THE MOTION FOR PRELIMINARY APPROVAL.......................................16

XII.   CONCLUSION ........................................................17

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

# TABLE OF AUTHORITIES

**CASES**                                                                      Page

*Ansari v. New York Univ.*
(S.D.N.Y 1998) 179 F.R.D. 112 ..........................................................14

*B.W.I. Custom Kitchen v. Owens-Illinois, Inc.*
(1987) 191 Cal.App.3d 1341 ..............................................................15

*Beck-Ellman v. Kaz USA. Inc.*
2013 U.S. Dist. LEXIS 60182, *14-15 (S.D. Cal. Jan. 7, 2013) ...........5

*Chun-Hoon v. McKee Foods Corp.*
(N.D. Cal. 2010) 716 F. Supp. 2d 848 ................................................5

*Classen v. Weller*
(1983) 145 Cal.App.3d 27 ..................................................................15

*Clothesrigger, Inc. v. GTE Corp.*
(1987) 191 Cal.App. 3d 605 ...............................................................14

*Dunk v. Ford Motor Co.*
(1996) 48 Cal.4th 1794 .......................................................................5

*EEOC v. Printing Indus., Inc.*
(D.D.C. 1981) 92 F.R.D. 51.................................................................14

*Estrada v. iYogi Inc.*
2015 U.S. Dist. LEXIS 137299, *3 (E.D. Cal. Oct. 6, 2015).................3

*Fraley v. Facebook, Inc.*
(N.D. Cal. 2013) 966 F. Supp. 2d 939 .................................................7

*Gould v. Alleco, Inc.*
(4th Cir. 1989) 883 F.2d 281 ...............................................................9

*Hammon v. Barry*
(D.D.C. 1990) 752 F.Supp 1087 .........................................................6

*Hanlon v. Chrysler Corp.*
(9th Cir. 1998) 150 F.3d 1011..............................................................4

*In re Armored Car Antitrust Litigation*
(N.D. Ga 1979) 472 F.Supp 1357 ........................................................6

*In re Chicken Antitrust Litigation*
(N.D. Ga 1980) 560 F.Supp 957 ..........................................................6

*In re Kirschner Med. Corp. Sec. Litig.*
(D Md. 1991) 139 F.R.D. 74................................................................14

*In re School Asbestos Litigation*
(3rd Cir. 1990) 921 F.2d 1330 .............................................................9

iii

*Kirkorian v. Borelli*
(N.D. Cal. 1988) 695 F. Supp.466 ..................................................................... 7

*Kullar v. Footlocker Retail Inc.*
(2008) 169 Cal.App.4th 116 ............................................................................... 5

*Linney v. Cellular Alaska P'ship.*
(9th Cir. 1998) 151 F. 3d 1234 ........................................................................ 12

*Linder v. Thrifty Oil Co.*
(2000) 23 Cal. 4th 429 ..................................................................................... 13

*Los Angeles Fire & Police Protective League v. City of Los Angeles*
(1972) 23 Cal.App.3d 67 .................................................................................. 15

*Mars Steel Corp. v. Continental Illinois National Bank and Trust Co.*
(7th Cir. 1987) 834 F.2d 677 ............................................................................. 6

*Murillo v. Pacific Gas & Elec. Co.*
(Cal. 2010) 266 F.R.D. 468 ............................................................................... 3

*National Rural Telecoms, Coop. v. DirectTV. Inc.*
(C.D. Cal. 2004) 221 F.R.D. 523 ...................................................................... 7

*Officer of Justice v. Civil Serv. Comm'n*
(9th Cir. 1992) 688 F.2d 615 ........................................................................... 12

*Ontiveros v. Zamora*
2014 U.S. Dist. LEXIS 91964 (E.D. Cal. July 7, 2014) ................................... 7

*Priddy v. Edelman*
(6th Cir. 1989) 883 F.2d 438 ............................................................................. 6

*Richmond v. Dart Industries, Inc.*
(1981) 29 Cal.3d 462 ....................................................................................... 12

*Rodriguez v. West Publishing Corp.*
(9th Cir. 2009) 563 F.3d 948 ............................................................................. 7

*Sav-On Drug Stores, Inc. v. Superior Court*
(2004) 34 Cal.4th 319 ...................................................................................... 13

*Shames v. Hertz Corp.*
2012 U.S. Dist. LEXIS 158577, *14 (S.D. Cal. Nov. 5, 2012) ....................... 12

*Slaven v. BP America, Inc.*
(C.D. Cal. 2000) 190 F.R.D. 649 ..................................................................... 14

*Sommers v. Abraham Lincoln Federal Savings & Loan Association,*
(E.D. Pa. 1978) 79 F.R.D. 571 .......................................................................... 6

*Staton v. Boeing*
(9th Cir. 2003) 327 F.3d 938 ............................................................................. 6

*Steinberg v. Carey*
(S.D.N.Y. 1979) 470 F.Supp 471 ...................................................................... 6

LAW OFFICES OF
KEVIN T. BARNES
1635 POINTES AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

iv

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

1

2

*Stephens v. Montgomery Ward & Co., Inc.*
(1987) 193 Cal.App.3d 411 .................................................................. 15

3

## STATUTES AND REGULATIONS

4

California <u>Business & Professions Code</u> § 17200. .................................. 1

5

California <u>Code of Civil Procedure</u> § 382 ........................................... 13

6

California <u>Labor Code</u> § 203 ............................................................... 1

7

Fed. R. Civ. P. 23(e)............................................................................ 3

8

## OTHER AUTHORITIES

9

*Manual for Complex Litigation* (Second) § 30.44 (1985)…………………………4

10

*5 Moore's Federal Practice* (Matthew Bender 3d ed. 1999). .............................. 13

11

*Newberg on Class Actions* (3rd ed.).......................................................... 4

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**v**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

# I.

## INTRODUCTION AND STATEMENT OF FACTS

On or about November 8, 2017, Plaintiff Brent Anderson ("Plaintiff") filed his case on behalf of himself and other similarly situated putative class members (herein collectively "Plaintiffs") against Defendant, The Sherwin-Williams Company, in the San Bernardino Superior Court, Case No. CIVDS1722065.

Plaintiff Brent Anderson alleges that Defendant violated the California Labor Code by: (1) failing to pay overtime wages at the legal overtime pay rate; (2) failing to provide all meal periods; (3) failing to pay meal period premiums at the legal pay rate; (4) failing to fully reimburse for reasonable business expenses; (5) independently failing to provide proper wage statements;  (6) derivatively failing to provide proper wage statements; (7) failing to timely pay final wages due at separation; (8) violating California Business & Professions Code § 17200; and (9) is liable for civil penalties under the Private Attorneys General Act, California Labor Code § 2699, *et. seq*. The complaint seeks recovery of unpaid wages, restitution, damages for actual injury, statutory penalties, civil penalties, interest, attorneys' fees and costs.

On June 4, 2018, Plaintiff Vernon Fife filed his Complaint on behalf of himself and other similarly situated putative class members (herein collectively "Plaintiffs") against Defendant, The Sherwin-Williams Company, in the Stanislaus County Superior Court of California, Case No. CV18000698.

Plaintiff Vernon Fife alleges that Defendant violated the California Labor Code by: (1) failing to fully reimburse work expenses; (2) failing to pay all straight time and overtime wages for time spent responding to work-related issues on personal cell phones; (3) failing to properly calculate the regular rate of pay and overtime rates; (4) derivative violations of Labor Code § 203; (4) derivative failure to timely furnish accurate itemized wage statements; and, (5) unfair business practices.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**- 1 -**

Defendant removed both cases to federal court with the Brent Anderson matter pending in the Central District and the Vernon Fife matter pending in the Eastern District.

Although the cases are not consolidated, Plaintiffs' counsel have worked together in the prosecution of the case and this settlement includes all claims in both cases. Accordingly, Plaintiffs are filing a First Amended Complaint in this action adding Plaintiff Vernon Fife as a named Plaintiff, the Workman Law Firm, PC as class counsel as well as combining the cause of action from both cases.

On April 16, 2019 the parties mediated this case before the Honorable Carl J. West (Retired). After further negotiations, the parties eventually agreed on a settlement of $3,650,000 on a class wide, common fund basis with no claim form requirement and with no residual to revert to the Defendant.

The parties agreed in writing to cooperate to effectuate a stay of the Vernon Fife Action during the course of the administration of the settlement. On May 13, 2019 Plaintiff Vernon Fife and Defendant filed a joint Notice of Settlement pursuant to Local Rule 144 stating that they have reached a class wide settlement in this case encompassing the claims set forth in the Brent Anderson case.

The total settlement amount of $3,650,000 represents a fair and reasonable recovery as set forth in the Declaration of Kevin T. Barnes (hereinafter "Barnes Decl.").

## II.

## THE CLASS REPRESENTED

The settlement proposes the following Class:

The settlement class herein consists of all persons employed by Defendant in California as hourly-paid Store Managers, Assistant Managers and Associates during the Settlement Period (defined as November 8, 2013 through August 31, 2019). It shall be an opt-out class.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

There will be three (3) subclasses, defined as follows:

- Store Manager subclass: all hourly paid Store Managers who worked for Defendant in California during the Settlement Period;

- Assistant Manager subclass: all hourly paid Assistant Store Managers who worked for Defendant in California during the Settlement Period;

- Hourly Associate subclass: all hourly paid non-management employees who worked for Defendant in California during the Settlement Period.

## III.

## THE TWO-STEP APPROVAL PROCESS

Any settlement of class litigation must be reviewed and approved by the Court. This is done in two steps: (1) an early (preliminary) review by the trial court, and (2) a final review after notice has been distributed to the Class Members for their comment or objections. *See* Estrada, et al. v. iYogi, Inc., 2015 U.S. Dist. LEXIS 137299, *3 (E.D. Cal. Oct. 6, 2015) (quoting Fed. R. Civ. P. 23(e). The Manual for Complex Litigation Second § 30.44 (1985) states:

> A two-step process is followed when considering class settlements … if the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to Class Representatives or segments of the class, and falls within the range of possible approval, then the court should direct that notice be given to the Class Members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement.

Thus, the preliminary approval of the trial court is simply a conditional finding that the settlement appears to be within the range of acceptable settlements. Estrada, at *3 (citing Murillo v. Pacific Gas & Elec. Co., 266 F.R.D. 468, 473 (E.D. Cal. 2010)). As Professor Newberg comments, "The strength of the findings made by a judge at a preliminary hearing or conference concerning a tentative settlement proposal may vary. The court may find that the settlement proposal

LAW OFFICES OF
KEVIN T. BARNES
1635 POINTER AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

contains some merit, is within the range of reasonableness required for a settlement offer or is presumptively valid subject only to any objections that may be raised at a final hearing." Newberg on Class Actions, 3rd Ed., 11.26.

The procedures for submission of a proposed settlement for preliminary approval are discussed at Newberg on Class Actions, 3rd Ed., § 11.24 – 11.26. Newberg observes at § 11.24:

> When the Parties to an action reach a monetary settlement, they will usually prepare and execute a joint stipulation of settlement, which is submitted to the court for preliminary approval. The stipulation should set forth the central terms of the agreement, including but not limited to, the amount of the settlement, form of payment, manner of determining the effective date of settlement, and any recapture clause.

The details of the recovery for each Class Member are set forth in the proposed Settlement Agreement filed with the Declarations of Kevin T. Barnes In Support of Preliminary Approval. *See* Barnes Decl. ¶'s 6-11. The settlement for each participating Class Member is fair, reasonable and adequate, given the inherent risk of litigation, the risk relative to trial and the costs of litigation. *See* Barnes Decl. ¶'s 6-11.

To prevent fraud, collusion or unfairness to the class, the settlement or dismissal of a class action requires court approval.  Fed. R. Civ. P. 23(e); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) (citing Fed. R. Civ. P. 23(e)(2)).  Amendments to Rule 23, effective December 2018, set forth factors, many of which courts previously applied, for the courts to consider when determining if a proposed settlement is "fair, adequate, and reasonable."  Rule 23(e)(1)(B)(i) states that courts should grant preliminary approval when the parties show "that the court will likely be able to:  approve the proposal under Rule 23(e)(2)."  Fed. R. Civ. P. 23(e)(1)(B).

Pursuant to Rule 23(e)(2), courts may find a settlement is "fair, reasonable, and adequate" after considering whether:

(A)   the class representatives and class counsel have adequately

LAW OFFICES OF
KEVIN T. BARNES
1635 POINTE AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT

1  represented the class;

2          (B)     the proposal was negotiated at arm's length;

3          (C)     the relief provided for the class is adequate, taking into account:

4                  (i)     the costs, risks, and delay of trial and appeal;

5                  (ii)    the effectiveness of any proposed method of distributing relief

6  to the class, including the method of processing class-member claims;

7                  (iii)   the terms of any proposed award of attorney's fees, including

8  timing of payment; and

9                  (iv)    any agreement required to be identified under Rule 23(e)(3).

10         (D)     the proposal treats class members equitably relative to each other.

11  Fed. R. Civ. P. 23(e)(2).2

12         Consistent with Rule 23(e), the California Appellate courts also set forth

13  similar factors that the court must determine whether the settlement is fair,

14  adequate and reasonable. <u>Dunk v. Ford Motor Co.</u> (1996) 48 C.A.4th 1794.

15         The Court must look to the admissible evidence regarding the following

16  factors specified in <u>Dunk</u>, *supra*, at 1800-1801:

17         A. Strength of Plaintiff's case;

18         B. The risk, expense, complexity and likely duration of further litigation;

19         C. The risk of maintaining class action status through trial;

20         D. With respect to the amount of the settlement, the number of "cents on the

21            dollar" or percentage of total damages the settlement represents; and

22         E.  Presence (or lack thereof) of a governmental participant.

23         Further, the Court must take into consideration the <u>Dunk</u> factors and the

24  additional <u>Kullar</u> factor which is "the most important factor is the strength of the

25  case for the Plaintiff on the merits, balanced against the amount offered in

26  settlement." <u>Kullar v. Footlocker Retail Inc.</u> (2008) 168 Cal.App.4th 116, 118.

27  The federal courts are in accord.  <u>Chun-Hoon v. McKee Foods Corp.</u>, 716 F. Supp.

28  2d 848, 850-51 (N.D. Cal. 2010); <u>Beck-Ellman v. Kaz USA, Inc.</u>, 2013 U.S. Dist.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 5 -

LEXIS 60182, *14-15 (S.D. Cal. Jan. 7, 2013)(citing <u>Staton v. Boeing</u>, 327 F.3d 938, 959 (9th Cir. 2003)); The settlement represents a fair and reasonable value of all claims. *See* Barnes Decl. ¶'s 6-11. There is no claim form required so all class members will be paid unless they opt out and there is no reversion to Defendant.

Finally, the only governmental involvement in this case is the existence of a PAGA claim and the Plaintiffs have notified the Labor and Workforce Development Agency ("LWDA") of this settlement in writing. *See* Barnes Decl. ¶ 22 and Exhibit 6.

The settlement amount balanced against the merits of the Plaintiff's case is reasonable as set forth in detail in the Declarations of Kevin T. Barnes filed concurrently herewith. *See* Barnes Decl. ¶'s 6-11.

## IV.

## <u>THE PRESUMPTION OF FAIRNESS</u>

Courts presume the absence of fraud or collusion in the negotiation of a settlement unless evidence to the contrary is offered. In short, there is a presumption that the negotiations were conducted in good faith. <u>Newberg</u>, § 11.51; <u>In re Chicken Antitrust Litigation</u>, 560 F.Supp 957, 962 (N.D. Ga. 1980); <u>Priddy v. Edelman</u>, 883 F.2d 438, 447 (6th Cir. 1989); <u>Mars Steel Corp. v. Continental Illinois National Bank and Trust Co.</u>, 834 F.2d 677, 682 (7th Cir. 1987). Courts do not substitute their judgment for that of the proponents, particularly where, as here, settlement has been reached with the participation of experienced counsel familiar with the litigation. <u>Hanlon</u>, 150 F.3d at 1027;  <u>Hammon v. Barry</u>, 752 F.Supp 1087 (D.D.C. 1990); <u>Steinberg v. Carey</u>, 470 F.Supp. 471 (S.D.N.Y. 1979); <u>In re Armored Car Antitrust Litigation</u>, 472 F.Supp 1357 (N.D. Ga. 1979), *aff'd* in part, *rev'd* in part in 645 F.2d 488 (5th Cir. 1981); <u>Sommers v. Abraham Lincoln Federal Savings & Loan Association</u>, 79 <u>F.R.D.</u> 571 (E.D. Pa. 1978). This is especially true where, as here, a very experienced, highly regarded neutral mediator, one very familiar with this type of class action in its substance and procedure, presided over

LAW OFFICES OF
KEVIN T. BARNES
1635 POINTES AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

the mediation session.  <u>Beck-Ellman,</u> 2013 U.S. Dist. LEXIS 60182, * 16 (quoting <u>Rodriquez v. West Publishing Corp.,</u> 563 F.3d 948, 965 (9th Cir. 2009)). While the recommendations of counsel proposing the settlement are not conclusive, courts recognize that the opinions of counsel are entitled to considerable weight.  <u>Kirkorian v. Borelli</u>, 695 F. Supp. 446, 451 (N.D. Cal. 1988). Indeed, the court in <u>National Rural Telecoms. Coop. v. DirectTV, Inc., et al.</u>, 221 F.R.D. 523, 528 (C.D. Cal. 2004), emphasized "'[g]reat weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation."  <u>See</u> <u>Ontiveros v. Zamora, et al</u>, 2014 U.S. Dist. LEXIS 91964, *41 (E.D. Cal. July 7, 2014)(citing <u>Fraley v. Facebook, Inc.,</u> 966 F. Supp. 2d 939, 942 (N.D. Cal. 2013);  *see also* <u>Newberg</u>, § 11.47.)

Here, the Plaintiffs' firms involved in the case have a great deal of experience in wage and hour class action litigation. The two firms advanced as Class Counsel have substantial experience in wage and hour class action cases and have been approved as Class Counsel in numerous other wage and hour class actions. *See* Barnes Decl. ¶'s 12-17, Workman Decl. ¶'s 9-14 and Katri Decl. Plaintiffs' attorneys and the Class Representatives have judiciously litigated this matter for over one and a half years, have engaged in formal discovery including propounding and responding to written interrogatories, the production of documents, and attending a formal all-day mediation. On April 16, 2019 the parties mediated this case before the Honorable Carl J. West (Ret.). To prepare for the mediation, Defendant provided extensive documentation and data related to the claims asserted in this case as well as a number of work weeks, class size and other necessary information for Plaintiffs to create a damages exposure analysis. Plaintiffs hired an expert economist to prepare damage calculations and an exposure analysis for the mediation. The Parties continued with direct communication and eventually agreed on settlement on or around July 29, 2019.

The parties in this matter have agreed to the settlement of $3,650,000 on a

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

class wide, common fund basis with no claim form requirement and with no residual to revert to the Defendant. The settlement represents a fair and reasonable recovery as set forth in the Declarations of Kevin T. Barnes filed concurrently herewith. *See* Barnes Decl. ¶'s 6-11.

## V.

## PROPOSED SHARE PER CLASS MEMBER

1)   Claimant Compensation:

The parties agree to a settlement formula as follows:

a.   Store Manager subclass: 48.8% of the Net Settlement Fund ("NSF") will be paid to the Store Managers. Each Store Manager Subclass Member will receive approximately $16.61 for each week worked in the Class Period. **The average Store Manager Subclass Member will receive a settlement payment of approximately $2,081 and the highest settlement payment will be approximately $4,824**. *See* Barnes Decl. ¶ 10.

b.   Assistant Manager subclass: 20.1% of the NSF will be paid to the Assistant Managers. Each Assistance Manager Subclass Member will receive approximately $8.29 for each week worked in the Class Period. **The average Assistant Manager Subclass Member will receive a settlement payment of approximately $671 and the highest settlement payment will be approximately $2,437**. *See* Barnes Decl. ¶ 10.

c.   Hourly Associate subclass: 31.1% of the NSF will be paid to the hourly non-management Associates.   Each Hourly Associate Subclass Member will receive approximately $2.08 for each week worked in the Class Period. **The average Hourly Associate Subclass Member will receive a settlement payment of approximately $165 and the highest settlement payment will be approximately $611**. *See* Barnes Decl. ¶ 10.

This amount shall be definitively calculated by the Claims Administrator

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

1    once this Court enters an order preliminarily approving of this Settlement.

2    2)    Attorneys' Fees and Costs:         Attorneys' Fees: $912,500;

3                                             Costs: up to $20,000 as verified by
                                             Class Counsel and approved by the
4                                             Court, and claims administration
                                             costs of approximately $40,000;
5
6    3)    Class Representative Enhancement:  $12,500 to Brent Anderson; and
                                             $12,500 to Vernon Fife;
7
8    4)    PAGA payment:                      $50,000 ($37,500 to the LWDA).

9

10

11                                    **VI.**

12        **LIMITED STANDING TO OBJECT TO PROPOSED SETTLEMENT**

13            Non-settling Parties or third Parties sometimes attempt to object to

14   settlements, but the right of non-settling Parties to object even at the final

15   settlement approval hearing, let alone the preliminary approval hearing, is quite

16   limited. As a general rule, only Class Members have standing to object to a

17   proposed settlement. "Beginning from the unassailable premise that settlements are

18   to be encouraged, it follows that to routinely allow non-Class Members to inject

19   their concerns via objection at the settlement stage would tend to frustrate this

20   goal." Gould v. Alleco, Inc., 883 F.2d 281, 284 (4th Cir. 1989).

21            As Newberg observes, even non-settling defendants in a multiple-defendant

22   litigation context have no standing to object to the fairness or adequacy of the

23   settlement by other defendants; they are limited to objecting to any terms that

24   would preclude them from seeking indemnification from the settling defendants.

25   Newberg at § 11.55. Since an application is being filed to obtain a good faith

26   determination, no one other than Class Members have standing to object to the

27   proposed settlement. In re School Asbestos Litigation, 921 F.2d 1330 (3rd Cir.

28   1990).

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 9 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

# VII.

## SETTLEMENT AGREEMENT AND ACCOMPANYING DOCUMENTS

The Parties have finalized a formal Settlement Agreement. The Parties are filing all settlement and notice documents as follows: (**1**) Stipulation and Settlement of Class and Representative Action, Exhibit 1 to the Decl.'s of Kevin T. Barnes; (**2**) Notice of Class and Representative Action Settlement, Exhibit 2 to the Decl.'s of Kevin T. Barnes; and (**3**) [Proposed] Order Granting Plaintiff's Motion for Preliminary Approval of Class and Representative Action Settlement, Exhibit 3 to the Decl. of Kevin T. Barnes.

The Parties respectfully request that this Court approve those documents to be disseminated to the Class consistent with the manner and timing as set forth in this Memorandum.

The Parties have agreed on Rust Consulting Inc. as the Claims Administrator and respectfully request that this court appoint Rust Consulting Inc. to handle the notice and claims administration procedures, including posting the Judgment on their website. (See Declaration of Eric Bishop attached as Exhibit 4 to the Decl. of Kevin T. Barnes).

The parties are also filing a First Amended Complaint with this motion. The parties request that once the Court grants this motion, the First Amended Complaint be deemed filed. (See Exhibit 5 to the Decl. of Kevin T. Barnes).

# VIII.

## THE SETTLEMENT IS FAIR AND
## REASONABLE BASED UPON OBJECTIVE EVIDENCE

The settlement is fair, reasonable and adequate for the reasons stated in accompanying Declaration of Kevin T. Barnes filed in support of Plaintiffs' Motion for Preliminary Approval of Class and Representative Action Settlement. *See* Barnes Decl. ¶'s 6-11. The settlement that has been reached, subject to this Court's approval, is the product of tremendous effort, and a great deal of expense

LAW OFFICES OF
KEVIN T. BARNES
1635 POINTES AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

by the Parties and their counsel.

The settlement was reached after extensive factual and legal research, formal discovery including propounding and responding to written interrogatories, the production of documents and a full-day Mediation with Honorable Carl J. West. To prepare for the mediation, Defendant provided extensive documentation and data related to the claims asserted in this case as well as a number of work weeks, class size and other necessary information for Plaintiffs to create a damages exposure analysis. Plaintiffs hired an expert economist to prepare damage calculations and an exposure analysis for the mediation. The Parties continued with direct communication and eventually agreed on settlement on or around July 29, 2019.

Class Counsel are knowledgeable about and have done extensive research with respect to the applicable law and potential defenses to the claims of the Settlement Class. Based on the documents and information provided by Defendant, and their own independent investigation and evaluation, Class Counsel and Plaintiffs are of the opinion that the Settlement with Defendant for the consideration and on the terms set forth in this Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, various defenses asserted by Defendant, and numerous potential appellate issues.

The settlement amount is, of course, a compromise figure. Plaintiffs took into account the risks that the class would be certified, risks related to proof of overtime, and the strengths and weaknesses of Defendant's other defenses. Plaintiffs also took into account the possibility that if a settlement were reached after additional years of litigation, the great expenses and attorneys' fees of litigation would reduce the amount of funds available to class members for settlement. Furthermore, Plaintiffs also took into consideration the time delay and

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

financial repercussions of liability trials, numerous damages trials, and the possibility of an appeal by Defendant.  As explained by the Ninth Circuit in <u>Linney v. Cellular Alaska P'ship</u>, 151 F.3d 1234 (9th Cir. 1998), a settlement necessarily involves compromise, emphasizing: "'the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" (Quoting <u>Officers of Justice v. Civil Serv. Comm'n</u>, 688 F.2d 615, 624 (9th Cir. 1992)). As the court in <u>Shames v. Hertz Corp.</u>, 2012 U.S. Dist. LEXIS 158577, *14 (S.D. Cal. Nov. 5, 2012)(internal quotation omitted) explained:  "'The question [the Court] address[es] is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate, and free from collusion.'"

With these considerations in mind, the parties in this matter have agreed to the settlement of $3,650,000 on a class wide, common fund basis with no claim form requirement and with no residual to revert to the Defendant. **This represents approximately 64% of the realistic exposure in this case which demonstrates that the settlement is fair and reasonable.** *See* Barnes Decl. ¶'s 6-11.

## IX.

## CONDITIONAL CERTIFICATION OF THE CLASS

A.   **Class Certification Is Appropriate in this Case**

The proposed settlement seeks conditional certification of a class. The certification of the class is essential to the settlement. California public policy favors the use of the class action device. <u>Richmond v. Dart Industries</u> (1981) 29 Cal.3d 462, 469.

Rule 23(b)(3) applies to class actions where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." To maintain a class action under Rule 23(b)(3), Plaintiffs must first satisfy the four prerequisites of Rule 23(a):  (1) the class is so numerous that joinder of all

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 12 -

members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

California <u>Code of Civil Procedure</u> § 382 is in accord and authorizes class suits in California when "the questions is one of the common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the courts, one or more may sue or defend for the benefit of all." To obtain certification, a party must establish the existence of both an ascertainable class and a well-defined community of interest among class members. <u>Linder v. Thrifty Oil Co.</u> (2000) 23 Cal. 4th 429, 435. The "community of interest" requirement depends on three factors: (1) whether common issues of law or fact predominate; (2) whether the class representatives have claims that are typical of the class; and (3) whether the class representatives will adequately represent the class. <u>Richmond</u>, *supra*, 29 Cal.3d at 470.

Because the policy of favoring use of class actions is so strong, any doubts as to the appropriateness of class treatment must be resolved in favor of certification, subject to later modification. <u>Richmond</u>, *supra*, 29 Cal.3d at 473-75. Except in extraordinary circumstances, not present here, the trial court does not weigh the merits of the claims in ruling on a motion for class certification. <u>Linder</u>, *supra*, 23 Cal.4th at 443. The seminal California Supreme Court decision of <u>Sav-On Drug Stores, Inc. v. Superior Court</u> (2004) 34 Cal.4th 319, 326 has reemphasized the procedural nature of the certification motion.

**B.     The Proposed Class is Ascertainable and Numerous**

For a class to exist, the class description must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class by reference to objective criteria. The class definition is sufficiently specific to enable potential class members, and the

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**- 13 -**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

court, to readily determine the parameters of the class. See, <u>Clothesrigger, Inc. V.</u>
<u>GTE Corp.</u> (1987) 191 Cal.App.3d 605, 617.)

**There are approximately 5,700 class members, all of which have been**
**identified by Defendant's employment and payroll records**. *See* Barnes Decl. ¶
3. This is sufficient to satisfy numerosity requirements. As a general matter, courts
have found that numerosity is satisfied when class size exceeds 40 members, but
not satisfied when membership dips below 21. *See* <u>Ansari v. New York Univ.</u>, 179
<u>F.R.D.</u> 112, 114 (S.D.N.Y. 1998) (citing a thorough review of cases in <u>5 Moore's</u>
<u>Federal Practice</u> § 23.22[3][a] (Matthew Bender 3d ed. 1999)). The Ninth Circuit
has not offered a precise numerical standard; other District Courts have, however,
enacted presumptions that the numerosity requirement is satisfied by a showing of
25-30 members. See, e.g., <u>In re Kirschner Med. Corp. Sec. Litig.</u>, 139 <u>F.R.D.</u> 74,
78 (D. Md. 1991); [**20]; <u>EEOC v. Printing Indus., Inc.</u>, 92 <u>F.R.D.</u> 51, 53 (D.D.C.
1981), <u>Slaven v. BP America, Inc.</u>, 190 <u>F.R.D.</u> 649, 654 (C.D. Cal. 2000).

**C.    Common Issues of Law or Fact Predominate**

Construing Rule 23(a)(2), the Ninth Circuit instructs that it is unnecessary
that "[a]ll questions of fact and law . . . be common to satisfy the rule," iterating
that "[t]he existence of shared legal issues with divergent factual predicates is
sufficient, as is a common core of salient facts coupled with disparate legal
remedies within the class." <u>Rodriguez</u>, 591 F.3d at 1122 (quoting <u>Hanlon v.</u>
<u>Chrysler Corp.</u>, 150 F.3d 1011, 1019 (9th Cir. 1998)).  "For the commonality
requirement to be met, there must be only one single issue common to the
proposed class." <u>Cervantez v. Celestica Corp.</u>, 253 F.R.D. 562, 570 (C.D. Cal.
2008) (citation omitted).

Common questions of law and fact predominate here, as the main issues
involve the legality of Defendant's pay plan, meal policies, payment of meal
period premiums, expense reimbursement plan, and the validity of its wages
statements. Whether each member of the Class might be required to ultimately

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**- 14 -**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

1   justify an individual claim does not preclude maintenance of a class action. *See*,

2   e.g. Collins v. Rocha (1972) 7 Cal.3d 232, 238). Plaintiff contends that these are all

3   company policy questions that are uniform and can be proven by common

4   objective evidence. The evidence to support these claims consists of Defendant's

5   policies, payroll records, time records and pay stubs given to all non-exempt

6   employees. *See* Barnes Decl. ¶ 4. In assessing whether common issues

7   predominate over individual issues, it is not necessary that the class members'

8   claims or their circumstances be identical. Los Angeles Fire & Police Protective

9   League (1972) 23 Cal.App.3d 67, 74 (in an overtime action, the fact that there

10  were 19 different subgroups of employees did not preclude finding that common

11  issues predominated.) California law specifically authorizes class actions when a

12  defendant's corporate policies result in injury to a group of Plaintiffs. In Stephens

13  v. Montgomery Ward & Co., Inc. (1987) 193 Cal.App.3d 411, 421, the court held

14  that testimony from the class representative, coupled with proof of company-wide

15  policies and practices, was sufficient to prove that common issues affecting the

16  class of employees as a whole predominated over individual issues. See Sav-On,

17  *supra*, 34 Cal.4th 319.

18  **D.    Plaintiffs' Claims Are Typical of the Class Claims**

19          Typicality simply means that the representative's claims be similar to those

20  of class members. The interests of the class representative need not be identical to

21  those of other class members; the class representative must simply be similarly

22  situated. Hanlon, 150 F.3d at 102; see Estrada, at *7-8; B.W.I. Custom Kitchen v.

23  Owens-Illinois, Inc. (1987) 191 Cal.App.3d 1341, 1347; Classen v. Weller (1983)

24  145 Cal.App.3d 27, 46. Here, Class Representatives, Plaintiff Brent Anderson and

25  Vernon Fife were both non-exempt persons employed by the Defendant in the state

26  of California during the relevant time period and therefore, who worked under the

27  same policies and procedures and were paid according to the same pay plan for the

28  entire period, as all other putative Class Members. *See* Barnes Decl. ¶ 5 and

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

Workman Decl. ¶'s 2-5.

**E.     Adequacy of Representation**

Adequacy of representation depends on whether the Plaintiffs' Class Representatives and Plaintiffs' attorneys qualify to conduct the proposed litigation and whether representative Plaintiffs' interests are antagonistic to those of the classes. In this case, the representative Plaintiffs have the same injuries and damages similar to those the class Plaintiffs seek to represent. Plaintiffs have no claims that are antagonistic to the class. Plaintiffs' counsel is also very experienced and qualified. *See* Barnes Decl. ¶'s 5 and 12-17, Workman Decl. ¶'s 2-5 and 9-14 and Raphael A. Katri Decl.

**X.**

**PROPOSED SCHEDULE OF SETTLEMENT PROCEEDINGS**

The Parties propose the following schedule for the fairness hearing and final proceedings:

| | |
|---|---|
| 1. First Mailing of Class Notice to the Class: | December 3. 2019 |
| 2. Deadline to postmark objections, opt-outs and workweek disputes: | January 17, 2020 |
| 3. Filing date for Final Approval Motion: | January 29, 2020 |
| 4. Final Approval Hearing: | February 26. 2020 |

**XI.**

**ACTION REQUESTED AS PART OF THE**

**MOTION FOR PRELIMINARY APPROVAL**

The Parties request this Court, as part of the preliminary approval process, to do the following:

1.     Review the proposed Stipulation and Settlement of Class and Representative Action;

2.     Conditionally certify for settlement purposes only, a class consisting of all persons employed by Defendant in California as hourly-paid

LAW OFFICES OF
KEVIN T. BARNES
1635 POINTES AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**- 16 -**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

Store Managers, Assistant Managers and Associates during the
Settlement Period (defined as November 8, 2013 through or August
31, 2019);

3.   Confirm the Law Offices of Kevin T. Barnes, the Law Offices of
Raphael A. Katri and Workman Law Firm, PC as Class Counsel and
Brent Anderson and Vernon Fife as the Class Representatives;

4.   Approve an Order granting Preliminarily Approval of the proposed
settlement on a class wide basis, direct notice to be given to the Class,
and setting a hearing for final review of the proposed settlement on
February 26, 2020, at a time convenient to the Court; and

5.   Approve Rust Consulting Inc. as Claims Administrator to handle the
notice and claims procedures as set forth in its proposal.

## XII.

## <u>CONCLUSION</u>

Based upon the foregoing, Counsel respectfully requests that the Court grant
this motion for Preliminary Approval and enter the proposed Order.

Dated: September 5, 2019

LAW OFFICES OF KEVIN T. BARNES
LAW OFFICES OF RAPHAEL A. KATRI
WORKMAN LAW FIRM, PC

By:   <u>/s/ Kevin T. Barnes</u>
Kevin T. Barnes, Esq.
Robin Workman, Esq.
Attorneys for Plaintiffs

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM