Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff BRENT ANDERSON,
on behalf of himself and all others similarly situated

Robin G. Workman, Esq. (#145810)
Rachel E. Davey, Esq. (#316096)
WORKMAN LAW FIRM, PC
177 Post Street, Suite 800
San Francisco, CA 94108
Tel.: (415) 782-3660 / Fax: (415) 788-1028
Email: Robin@workmanlawpc.com

Attorneys for Plaintiff VERNON FIFE on
behalf of himself, and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ANDERSON, on behalf of himself and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>THE SHERWIN-WILLIAMS COMPANY, an Ohio corporation; and DOES 1 to 100, inclusive,<br><br>          Defendants. | **CLASS ACTION**<br><br>Case No.: 5:17-cv-02459-FMO (SHx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY ALL WAGES;**<br>2. **FAILURE TO PAY OVERTIME WAGES AT THE LEGAL OVERTIME PAY RATE;**<br>3. **FAILURE TO PROVIDE ALL MEAL PERIODS;**<br>4. **FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS;**<br>5. **FAILURE TO PAY MEAL AND REST PERIOD PREMIUMS AT THE LEGAL PAY RATE;**<br>6. **DERIVATIVE VIOLATIONS OF LABOR CODE §203;**<br>7. **DERIVATIVE FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** |

- 1 -

|   |   |
|---|---|
| 1 | ) **8.   INDEPENDENT FAILURE TO** |
|   | ) **TIMELY FURNISH ACCURATE** |
| 2 | ) **ITEMIZED WAGE STATEMENTS;** |
|   | ) **9.   FAILURE TO FULLY** |
| 3 | ) **REIMBURSE WORK EXPENSES;** |
|   | ) **10. PENALTIES PURSUANT TO** |
| 4 | ) **LABOR CODE §2699; AND** |
|   | ) **11. UNFAIR BUSINESS PRACTICES** |
| 5 | ) |
|   | ) **DEMAND FOR JURY TRIAL** |
| 6 | ) |
|   | ) Honorable Fernando M. Olguin |
| 7 | ) Courtroom 6D |
|   | ) |
| 8 | ) Action filed: November 8, 2017 |
|   | ) Trial Date: None Set |
| 9 | ) |

Plaintiffs BRENT ANDERSON and VERNON FIFE, individuals on behalf of themselves and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby file this First Amended Complaint ("FAC") against Defendant THE SHERWIN-WILLIAMS COMPANY and DOES 1 to 100 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## I.

## <u>INTRODUCTION</u>

1.      This is a civil action seeking recovery for Defendants' violations of the California <u>Labor Code</u> ("<u>Labor Code</u>"), California <u>Business and Professions Code</u> ("<u>B&PC</u>"), the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the "<u>IWC Wage Orders</u>") and related common law principles.

2.      Plaintiffs' action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

3.      The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter

although this should not automatically be considered the statute of limitations for any cause of action herein.

RELEVANT JOB TITLES

4.     For introductory and general information only (and not to be considered a proposed class definition), the relevant job titles held by the California citizens in this action are Defendants' hourly-paid employees, including but not limited to Store Managers, Assistant Managers and Associates (hereinafter including any of Defendants' job positions with substantially similar titles and/or duties).

5.     The general obligations and responsibilities of Defendants' respective positions are virtually identical from region to region, district to district, facility to facility, and employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

SUMMARY OF CLAIMS

6.     With regard to Defendants' hourly-paid employees, Defendants have:

    a.  Failed to pay straight time, minimum and/or overtime wages for all hours worked;

    b.  Failed to pay overtime wages at the appropriate overtime pay rate;

    c.  Failed to provide all legally-requisite meal periods;

    d.  Failed to authorize and permit all paid legally-requisite rest periods;

    e.  Failed to pay meal and/or rest period premiums at the legal pay rate;

    f.  Derivatively violated Labor Code §203;

    g.  Derivatively failed to timely furnish accurate itemized wage statements;

///

**- 3 -**

h. Independently failed to timely furnish accurate itemized wage statements;

i. Failed to reimburse for all work-related expenses;

j. Incurred penalties pursuant to Labor Code §§2698, et seq.; and

k. Conducted unfair business practices.

## II.

## PARTIES

PLAINTIFFS

7. Plaintiff BRENT ANDERSON is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this FAC was a citizen of the State of California.

8. Plaintiff BRENT ANDERSON worked for Defendants as an hourly-paid Store Manager from approximately 2009 to 2013 in West Covina, California and approximately 2013 to 2016 in Rancho Cucamonga, California, which is in San Bernardino County, California.

9. Plaintiff VERNON FIFE is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this FAC was a citizen of the State of California.

10. Plaintiff VERNON FIFE worked for Defendants as an hourly-paid employee and Assistant Manager from approximately November 2006 to August 2016 at multiple locations in California.

11. Plaintiffs BRENT ANDERSON and VERNON FIFE seek recovery herein from Defendants because with regard to Plaintiffs BRENT ANDERSON and VERNON FIFE, while acting for Defendants in their capacity as hourly-paid employees, Defendants have:

a. Failed to pay straight time, minimum and/or overtime wages for all hours worked;

///

- 4 -

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

b.   Failed to pay overtime wages at the appropriate overtime pay rate;

c.   Failed to provide all legally-requisite meal periods;

d.   Failed to authorize and permit all paid legally-requisite rest periods;

e.   Failed to pay meal and/or rest period premiums at the legal pay rate;

f.   Derivatively violated Labor Code §203;

g.   Derivatively failed to timely furnish accurate itemized wage statements;

h.   Independently failed to timely furnish accurate itemized wage statements;

i.   Failed to reimburse for all work-related expenses;

j.   Incurred penalties pursuant to Labor Code §§2698, et seq.; and

k.   Conducted unfair business practices.

DEFENDANT, THE SHERWIN-WILLIAMS COMPANY

12.   Defendant THE SHERWIN-WILLIAMS COMPANY is now and/or at all times mentioned in this FAC was an Ohio corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DOES 1 TO 100, INCLUSIVE

13.   DOES 1 to 100, inclusive are now, and/or at all times mentioned in this FAC were licensed to do business and/or actually doing business in California.

14.   Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

15.   Plaintiffs will seek leave of court to amend this FAC to allege such names and capacities as soon as they are ascertained.

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

<u>ALL DEFENDANTS</u>

16.    Defendants, and each of them, are now and/or at all times mentioned in this FAC were in some manner legally responsible for the events, happenings and circumstances alleged in this FAC.

17.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this FAC.

18.    Defendants, and each of them, are now and/or at all times mentioned in this FAC were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this FAC, Defendants are now and/or at all times mentioned in this FAC were acting within the course and scope of that agency, servitude and/or employment.

19.    Defendants, and each of them, are now and/or at all times mentioned in this FAC were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

20.    Defendants, and each of them, at all times mentioned in this FAC concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this FAC.

21.    Defendants, and each of them, at all times mentioned in this FAC approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this FAC.

22.    Defendants, and each of them, at all times mentioned in this FAC aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this FAC.

///

///

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

### III.

### <u>JURISDICTION AND VENUE</u>

23.     The District Court has original subject matter jurisdiction under 28 U.S.C. §1332, and because Defendant removed this matter to federal court on December 7, 2017 under 28 U.S.C. §§1441 and 1446, in that this is a civil action that purportedly satisfies the requirements stated in the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. §1332(d).

24.     This District Court is in the judicial district and division embracing the place where the state court case was brought. Thus, this Court is the proper District Court to which this case should have been removed 28 U.S.C. §§1441(a) and 1446(a).

### IV.

### <u>CLASS ACTION ALLEGATIONS</u>

25.     <u>FRCP</u> 23(a) states: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

26.     Further, <u>CCP</u> §382 provides in pertinent part: "…[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

27.     Plaintiffs bring this suit as a class action pursuant to <u>FRCP</u> 23 and <u>CCP</u> §382, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

28.     The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

a.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were subjected to Defendants' policies and practices regarding the payment of straight time, minimum and/or overtime wages as specifically described herein (hereinafter, the "Wage Class");

b.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were subjected to Defendants' policies and practices regarding the calculation of overtime pay as specifically described herein (hereinafter, the "Overtime Rate Class");

c.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were subjected to Defendants' policies and practices regarding meal periods as specifically described herein (hereinafter, the "Meal Period Class");

d.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were subjected to Defendants' policies and practices regarding paid rest periods as specifically described herein (hereinafter, the "Rest Period Class");

e.  All California citizens employed by Defendants as hourly-paid employees during the appropriate time period to whom Defendants paid meal and/or rest period premiums (hereinafter, the "Premium Rate Class");

f.  All formerly-employed California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were derivatively subjected to Defendants' policies and practices regarding Labor Code §203 and the payment of final wages as specifically described herein (hereinafter, the "LC 203

- 8 -

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

Class");

g. All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were derivatively subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Derivative Wage Statement Class");

h. All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were independently subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Independent Wage Statement Class");

i. All California citizens employed by Defendants as hourly-paid employees during the appropriate time period who were subjected to Defendants' policies and practices regarding business expense reimbursement as specifically described herein (hereinafter, the "Reimbursements Class"); and

j. All California citizens employed by Defendants as hourly-paid employees during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein (hereinafter, the "17200 Class").

29. The Wage Class, Overtime Rate Class, Meal Period Class, Rest Period Class, Premium Rate Class, LC 203 Class, Derivative Wage Statement Class, Independent Wage Statement Class, Reimbursements Class and 17200 Class are herein collectively referred to as the "Classes."

30. Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

certify the Classes alleged herein.

31. <u>Numerosity</u> (<u>FRCP</u> 23(a)(1)); (<u>CCP</u> §382):

    a. The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical;

    b. The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

    c. The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and

    d. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

32. <u>Questions of Law or Fact Common To The Class</u> (<u>FRCP</u> 23(a)(2)): There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

    a) Whether Defendants paid the legal and appropriate straight time pay, minimum wage pay and/or overtime pay for all work hours to the members of the Wage Class;

    b) Whether Defendants paid all overtime wages owed to the members of the Overtime Rate Class at the appropriate overtime pay rate;

    c) Whether Defendants failed and continue to fail to provide legally-requisite meal periods to the members of the Meal Period Class in violation of the <u>Labor Code</u> and Section 11 of the <u>IWC Wage Orders</u>;

///

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

d)   Whether Defendants failed and continue to fail to authorize and permit paid legally-requisite rest periods to the members of the Rest Period Class in violation of the <u>Labor Code</u> and Section 12 of the <u>IWC Wage Orders</u>;

e)   Whether Defendants paid meal and/or rest period premiums at the legal pay rate;

f)   Whether Defendants are liable pursuant to <u>Labor Code</u> §203 to the members of the LC 203 Class;

g)   Whether Defendants derivatively failed to timely furnish accurate, itemized and legal wage statements to the members of the Wage Statement Class;

h)   Whether Defendants independently failed to timely furnish accurate, itemized and legal wage statements to the members of the Wage Statement Class;

i)   Whether Defendants failed to fully reimburse for all work-related expenses incurred by the members of the Reimbursements Class;

j)   Whether the members of the Classes are entitled to penalties pursuant to <u>Labor Code</u> §§2698, et seq.;

k)   Whether Defendants' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200, et seq.;

l)   Whether Defendants' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200, et seq.;

m)   Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

n)   Whether the members of the Classes are entitled to injunctive relief;

**- 11 -**

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

o)   Whether the members of the Classes are entitled to restitution; and

p)   Whether Defendants are liable for attorneys' fees and costs.

33.   <u>Typicality</u> (<u>FRCP</u> 23(a)(3)): The claims of the named Plaintiffs are typical of the claims of all members of the represented Classes because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

34.   <u>Adequacy</u> (<u>FRCP</u> 23(a)(4)): The named Plaintiffs:

a)   will adequately represent the members of the Classes;

b)   will fairly protect the interests of the members of the Classes;

c)   possess no interests antagonistic to the members of the Classes; and

d)   will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

35.   <u>Superiority</u> (<u>FRCP</u> 23(b)); (<u>CCP</u> §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein. Further, this action is maintainable as a class action because the prerequisites of <u>FRCP</u> 23(a) are satisfied as outlined above, and in addition:

a.   California has a public policy which encourages the use of the class action device;

b.   By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides

small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c.  This case involves a single corporate Defendant and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d.  If each individual member of each of the Classes was required to file an individual lawsuit, the large corporate Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendant's vastly superior financial and legal resources;

e.  Requiring each individual member of each of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

    i)  a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially

- 13 -

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

similar arguments and evidence, including expert

testimony;

ii)    a multiplicity of trials conducted at enormous expense to

both the judicial system and the litigants;

iii)   inconsistent or varying verdicts or adjudications with

respect to the individual members of the Classes against

Defendants; and

iv)   potentially incompatible standards of conduct for

Defendants;

v)    potentially incompatible legal determinations with

respect to individual members of the Classes which

would, as a practical matter, be dispositive of the interest

of the other members of the Classes who are not parties

to the adjudications or which would substantially impair

or impede the ability of the members of the Classes to

protect their interests.

h.    The claims of the individual members of the Classes are not

sufficiently large to warrant vigorous individual prosecution

considering all of the concomitant costs and expenses attending

thereto; and

i.    Courts seeking to preserve efficiency and other benefits of class

actions routinely fashion methods to manage any individual

questions. The Supreme Court of California urges trial courts to

be procedurally innovative in managing class actions, which

have an obligation to consider the use of innovative procedural

tools to certify a manageable class.

36.    Whether each member of the Classes might be required to ultimately

justify an individual claim does not preclude maintenance of a class action (see,

**- 14 -**

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

e.g. <u>Collins v. Rocha</u> (1972) 7 Cal.3d 232, 238; <u>Pulaski & Middleman, LLC v. Google, Inc.</u> (9th Cir. 2015 802 F.2d 979, 986-87).

## V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES

### (On Behalf of the Wage Class)

### (Against All Defendants)

37.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

38.     <u>Labor Code</u> §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

39.     <u>Labor Code</u> §1182.12, effective July 1, 2014, states: "Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour." Further, pursuant to <u>Labor Code</u> §1182.12(b)(1)(A), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2017, to December 31, 2017, inclusive, - ten dollars and fifty cents ($10.50) per hour." Pursuant to <u>Labor Code</u> §1182.12(b)(1)(B), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2018, to December 31, 2018, inclusive, - eleven dollars ($11) per hour." Pursuant to <u>Labor Code</u> §1182.12(b)(1)(C), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2019, to December 31, 2019, inclusive, - twelve dollars ($12) per hour."

**- 15 -**

Pursuant to <u>Labor Code</u> §1182.12(b)(1)(D), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2020, to December 31, 2020, inclusive, - thirteen dollars ($13) per hour." Pursuant to <u>Labor Code</u> §1182.12(b)(1)(E), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2021, to December 31, 2021, inclusive, - fourteen dollars ($14) per hour." Finally, pursuant to <u>Labor Code</u> §1182.12(b)(1)(F), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2022, and until adjusted by subdivision (c) - fifteen dollars ($15) per hour."

40.     <u>Labor Code</u> §§1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

41.     Further, pursuant to <u>Labor Code</u> §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

42.     Pursuant to <u>Labor Code</u> §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the <u>IWC Wage Order(s)</u>.

43.     Pursuant to the <u>IWC Wage Order(s)</u>, Defendants are required to pay the members of the Wage Class for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

44.     Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

///

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

a.  Administered a uniform company policy and practice as to the pay policies regarding the members of the Wage Class; and

b.  Scheduled to work and/or required the members of the Wage Class to work without paying for all time they were under Defendants' control.

45.  Because Defendants required the members of the Wage Class to remain under Defendants' control without paying therefore, this resulted in the members of the Wage Class earning less than the legal minimum wage in the State of California.

46.  Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to <u>Labor Code</u> §218, to recovery by Plaintiffs and the members of the Wage Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

47.  Further, Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the Wage Class as described herein is unlawful and creates entitlement, pursuant to <u>Labor Code</u> §1194(a), to recovery by the members of the Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

48.  Pursuant to <u>Labor Code</u> §1194.2(a) (which provides that in any action under <u>Labor Code</u> §1194, an employee shall be entitled to recover liquidated damages), the members of the Wage Class seek recovery of liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

49.     That calculation of individual damages for the members of the Wage Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256; Pulaski & Middleman, LLC v. Google, Inc. (9th Cir. 2015 802 F.2d 979, 986-87).

50.     Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Wage Class seek recovery of pre-judgment interest on all amounts recovered herein.

51.     Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
## AT THE LEGAL OVERTIME PAY RATE
### (On Behalf of the Overtime Rate Class)
### (Against All Defendants)

52.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

53.     Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

54.     The "regular rate of pay" includes "all [applicable] remuneration paid to, or on behalf of the employee." See, e.g., 29 U.S.C. §207(3). The California Industrial Welfare Commission applies this standard for determining an

employee's regular rate of pay for overtime calculation purposes.

55. <u>Labor Code</u> §1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

56. Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

    a) Administered a uniform company policy and practice regarding the payment of wages, including overtime and bonuses, to the members of the Overtime Rate Class;

    b) Scheduled and/or required the members of the Overtime Rate Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek;

    c) Paid the members of the Overtime Rate Class nondiscretionary bonuses paid on a quarterly basis and/or otherwise; and

    d) Failed to pay the members of the Overtime Rate Class for all work accomplished in excess of forty (40) hours per week at the appropriate overtime rate, reflecting all applicable forms of remuneration, including but not limited to said bonuses, as required by law.

57. Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to <u>Labor Code</u> §218and <u>Labor Code</u> §1194(a), to recovery by the members of the Overtime Rate Class, in a civil action, for the unpaid balance of the full amount of the overtime premiums owing.

58.     That calculation of individual damages for the members of the Overtime Rate Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256; Pulaski & Middleman, LLC v. Google, Inc. (9th Cir. 2015 802 F.2d 979, 986-87).

59.     Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Overtime Rate Class seek recovery of pre-judgment interest on all amounts recovered herein.

60.     Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the Overtime Rate Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE ALL MEAL PERIODS**

**(On Behalf of the Meal Period Class)**

**(Against All Defendants)**

61.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

62.     Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

63.     Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total

**- 20 -**

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

64.    Labor Code §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

65.    Section 11(D) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

66.    On one or more occasions, the members of the Meal Period Class worked over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

67.    Further, on one or more occasions, some members of the Meal Period Class worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less than 30 minutes.

68.    The members of the Meal Period Class did not validly or legally waive their meal periods, by mutual consent with Defendants or otherwise.

69.    The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

70.    As a matter of Defendants' established company policy, Defendants failed to always comply with the meal period requirements established by Labor

Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the IWC Wage Orders by failing to always provide the members of the Meal Period Class with a first and in some cases a second legally compliant meal period.

71.     Pursuant to Section 11(D) of the IWC Wage Order(s) and Labor Code §226.7(c) which states "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided," the members of the Meal Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the meal period was not provided, in a sum to be proven at trial.

72.     Pursuant to Labor Code §218.6 and CC §3287, the members of the Meal Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

## FOURTH CAUSE OF ACTION
## FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS
### (On Behalf of the Rest Period Class)
### (Against All Defendants)

73.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

74.     Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the

1 Division of Occupational Safety and Health."

2      75. <u>Labor Code</u> §516 provides that the Industrial Welfare Commission

3 "may adopt or amend working condition orders with respect to break periods, meal

4 periods, and days of rest for any workers in California consistent with the health

5 and welfare of those workers."

6      76. Section 12(A) of the <u>IWC Wage Order(s)</u> states: "Every employer

7 shall authorize and permit all employees to take rest periods, which insofar as

8 practicable shall be in the middle of each work period. The authorized rest period

9 time shall be based on the total hours worked daily at the rate of ten (10) minutes

10 net rest time per four (4) hours or major fraction thereof. However, a rest period

11 need not be authorized for employees whose total daily work time is less than three

12 and one-half (3 ½) hours. Authorized rest period time shall be counted as hours

13 worked for which there shall be no deduction from wages."

14      77. Section 12(B) of the <u>IWC Wage Order(s)</u> states: "If an employer fails

15 to provide an employee a rest period in accordance with the applicable provisions

16 of this order, the employer shall pay the employee one (1) hour of pay at the

17 employee's regular rate of compensation for each workday that the rest period is

18 not provided."

19      78. The members of the Rest Period Class sometimes worked over four

20 (4) hours per shift. Further, the members of the Rest Period Class sometimes

21 worked over six (6) hours per shift, and in some cases over ten (10) hours per shift.

22      79. The members of the Rest Period Class were entitled to a rest period of

23 not less than ten (10) minutes prior to exceeding four (4) hours of employment.

24      80. As a matter of Defendants' established company policy, Defendants

25 failed to always authorize and permit all required rest periods established by <u>Labor</u>

26 <u>Code</u> §226.7 and <u>Labor Code</u> §516 and Section 12 of the <u>IWC Wage Order(s)</u>.

27      81. Pursuant to Section 12 of the <u>IWC Wage Order(s)</u> and <u>Labor Code</u>

28 §226.7(b) which states "if an employer fails to provide an employee a meal or rest

period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the rest period was not so provided.

82.    Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, the members of the Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY MEAL AND/OR REST PERIOD**

**PREMIUM WAGES AT THE LEGAL PAY RATE**

**(On Behalf of the Premium Rate Class)**

**(Against All Defendants)**

83.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

84.    <u>Labor Code</u> §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

85.    Section 11(D) of the <u>IWC Wage Order(s)</u> provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

///

**- 24 -**

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

86.     Section 12(A) of the <u>IWC Wage Order(s)</u> states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

87.     Section 12(B) of the <u>IWC Wage Order(s)</u> states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

88.     The "regular rate of pay" includes "all [applicable] remuneration paid to, or on behalf of the employee." See, e.g., 29 U.S.C. §207(3). The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

89.     As a matter of Defendants' established company policy, Defendants failed to always comply with the meal and/or rest period requirements established by <u>Labor Code</u> §226.7, <u>Labor Code</u> §512, <u>Labor Code</u> §516 and Section 11 and/or 12 of the <u>IWC Wage Order(s)</u>.

90.     Pursuant to Section 11(B) and/or Section 12 of the <u>IWC Wage Order(s)</u> and <u>Labor Code</u> §226.7(b)/(c), which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Premium Rate Class were entitled to damages in an amount equal to one (1)

additional hour of pay at each employee's regular rate of compensation for each work day that a meal period was not provided, in a sum to be proven at trial.

91.    However, Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

      a)    Administered a uniform company policy and practice regarding the payment of wages, including premium pay, to the members of the Premium Rate Class;

      b)    Paid the members of the Premium Rate Class meal and/or rest premium wages not at the regular rate of pay, but at a base rate of pay or otherwise, and/or not including "all [applicable] remuneration paid to, or on behalf of the employee"; and

      c)    As such, failed to pay the members of the Premium Rate Class all compensation owed, as required by law.

92.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218 and Labor Code §1194(a), to recovery by the members of the Premium Rate Class, in a civil action, for the unpaid balance of the full amount of the overtime premiums owing.

93.    That calculation of individual damages for the members of the Premium Rate Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256; Pulaski & Middleman, LLC v. Google, Inc. (9th Cir. 2015 802 F.2d 979, 986-87).

94.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Premium Rate Class seek recovery of pre-judgment interest on

- 26 -

all amounts recovered herein.

95.     Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the Premium Rate Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SIXTH CAUSE OF ACTION

## DERIVATIVE VIOLATIONS OF LABOR CODE §203

### (On Behalf of the Derivative LC 203 Class)

### (Against All Defendants)

96.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

97.     Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

98.     The members of the Derivative LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

99.     Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, as set forth above, according to amendment or proof.

100.     As set forth above, Defendants willfully failed to pay the members of the Derivative LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

101.     Defendants' willful failure to pay wages to the members of the Derivative LC 203 Class violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the Derivative LC 203

- 27 -

Class, as set forth above, but Defendants failed to pay them.

102.   Thus, the members of the Derivative LC 203 Class are entitled to recovery pursuant to Labor Code §203.

## SEVENTH CAUSE OF ACTION
## DERIVATIVE FAILURE TO TIMELY
## FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (On Behalf of the Derivative Wage Statement Class)

103.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

104.   Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

105.   Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

106.   Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A), California employers are required to maintain accurate records pertaining to

- 28 -

the total hours worked for Defendants by the members of the Derivative Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

107.   As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A), Defendants did not and still do not furnish each of the members of the Derivative Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

108.   As set forth herein in prior causes of action, Defendants allegedly failed to pay the members of the Derivative Wage Statement Class all wages due and owing.

109.   As a derivative result of this failure to pay wages and as a pattern and practice in violation of <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A), Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Derivative Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period interval, total daily hours worked, total hours worked per pay period, and the applicable rates of pay.

110.   As of January 1, 2013, SB 1255 amended <u>Labor Code</u> §226 to clarify that an employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in <u>Labor Code</u> §226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information.

111.   Here, the members of Derivative Wage Statement Class suffered injury because, due to Defendants' failure to pay all wages due and owing,

- 29 -

Defendants derivatively failed to provide accurate and complete information as required by one or more items listed in Labor Code §226(a)(1)-(9).

112.   In addition, the members of the Derivative Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Derivative Wage Statement Class in that the members of the Derivative Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §226 and the IWC Wage Orders §7(A), such that the members of the Derivative Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

113.   The actual injuries suffered by the members of the Derivative Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Derivative Wage Statement Class include but are not limited to:

   a.   Confusion over whether they received all wages owed them by Defendants;

   b.   The difficulty and expense of attempting to reconstruct time and pay records;

   c.   Being forced to engage in mathematical computations to analyze whether Defendants' wages in fact compensated for all hours worked;

   d.   The inability to accurately calculate wage rates complicated by the fact that wage statement information required by Labor Code §226

- 30 -

is missing;

e.  That such practice prevents the members of the Derivative Wage
Statement Class from being able to effectively challenge
information on their wage statements; and/or

f.  The difficulty and expense of filing and maintaining this lawsuit,
and the discovery required to collect and analyze the very
information that California law requires.

114.   Pursuant to <u>Labor Code</u> §226(e), the members of the Derivative Wage
Statement Class are entitled to fifty dollars ($50.00) per employee for the initial
pay period in which a violation hereunder occurs and one hundred dollars
($100.00) per employee for each violation in a subsequent pay period, not
exceeding an aggregate penalty of four thousand dollars ($4,000.00).

115.   Pursuant to <u>Labor Code</u> §226(g), the currently-employed members of
the Derivative Wage Statement Class are entitled to injunctive relief to ensure
Defendants' compliance with <u>Labor Code</u> §226.

116.   Pursuant to <u>Labor Code</u> §226(e) and/or §226(h), the members of the
Derivative Wage Statement Class are also entitled to an award of costs and
reasonable attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**INDEPENDENT FAILURE TO TIMELY**

**FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

**(On Behalf of the Independent Wage Statement Class)**

**(Against All Defendants)**

117.   Plaintiffs incorporate by reference and reallege each and every one of
the allegations contained in the preceding and foregoing paragraphs of this FAC as
if fully set forth herein.

118.   <u>Labor Code</u> §226(a) states in pertinent part: "Every employer shall,
semimonthly or at the time of each payment of wages, furnish each of his or her

- 31 -

employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period…".

119.   As a pattern and practice, in violation of <u>Labor Code</u> §226(a), Defendants did not and still do not furnish each of the members of the Independent Wage Statement Class with an accurate itemized statement in writing showing the name and address of the legal entity that secured the services of the employer.

120.   As of January 1, 2013, SB 1255 amended <u>Labor Code</u> §226 to clarify that an employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in <u>Labor Code</u> §226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information.

121.   Here, the members of Independent Wage Statement Class suffered injury because Defendants failed to provide accurate and complete information as

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

required by one or more items listed in Labor Code §226(a)(1)-(9) and the Independent Wage Statement Class members could not and cannot promptly and easily ascertain requisite information without reference to other documents or information.

122.   In addition, the members of the Independent Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Independent Wage Statement Class in that the members of the Independent Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including the name and address of the legal entity that is the employer, in violation of Labor Code §226, such that the members of the Independent Wage Statement Class were misled by Defendants as to the correct information regarding various items, including the name and address of the legal entity that is the employer.

123.   The actual injuries suffered by the members of the Independent Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Independent Wage Statement Class include but are not limited to:

      a.   That such practice prevents the members of the Independent Wage Statement Class from being able to effectively challenge information on their wage statements; and/or

      b.   The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires.

124.   Pursuant to Labor Code §226(e), the members of the Independent Wage Statement Class are entitled to fifty dollars ($50.00) per employee for the initial pay period in which a violation hereunder occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

- 33 -

125.   Pursuant to Labor Code §226(g), the currently-employed members of the Independent Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

126.   Pursuant to Labor Code §226(e) and/or §226(h), the members of the Independent Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

**NINTH CAUSE OF ACTION**

**FAILURE TO FULLY REIMBURSE WORK EXPENSES**

**(On Behalf of the Reimbursements Class)**

**(Against All Defendants)**

127.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

128.   Pursuant to Labor Code §450(a), "no employer…may compel or coerce any employee… to patronize his or her employer, or any other person, in the purchase of any thing of value."

129.   Pursuant to Labor Code §2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

130.   Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

131.   As a matter of Defendants' established company policy, the members of the Reimbursements Class were and are required by Defendants to personally incur necessary expenditures in direct consequence of the discharge of their duties,

**- 34 -**

including but not limited to the use of their personal mobile devices for work-required activities.

132.   Defendants are legally required to reimburse the members of the Reimbursements Class for all necessary expenditures at a reasonable rate.

133.   Defendants failed to fully and reasonably reimburse the members of the Reimbursements Class for all necessary expenditures at a reasonable rate, including but not limited to the aforementioned expenditures.

134.   As a proximate result of the aforementioned violations of <u>Labor Code</u> §450(a) and §2802(a), the members of the Reimbursements Class are entitled to recovery from Defendants of the unpaid balance for all necessary expenditures at a reasonable rate, including but not limited to the aforementioned expenditures.

135.   As a proximate result of the aforementioned violations of <u>Labor Code</u> §450(a) and §2802(a), the members of the Reimbursements Class have been damaged in an amount according to proof at the time of Trial.

136.   Pursuant to <u>Labor Code</u> §2802(b), the members of the Reimbursements Class request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss.

137.   Pursuant to <u>Labor Code</u> §2802(c), the members of the Reimbursements Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**TENTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO <u>LABOR CODE</u> §2699**

**(On Behalf of the Aggrieved Employees)**

**(Against All Defendants)**

138.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this FAC as if fully set forth herein.

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

139.   Pursuant to <u>Labor Code</u> §2699(a) (which provides that any provision of the <u>Labor Code</u> that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") (or any of its departments, divisions, commissions, board agencies or employees), such civil penalties may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees) and <u>Labor Code</u> §2699(f) (which establishes a civil penalty for violations of all <u>Labor Code</u> provisions except those for which a civil penalty is specifically provided), the aggrieved employees seek recovery of all applicable civil penalties, as follows:

a.   As applicable, civil penalties under <u>Labor Code</u> §558 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for violations of <u>Labor Code</u> §§500-558.1, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, with all wages recovered pursuant to <u>Labor Code</u> §558 provided to the aggrieved employees;

b.   As applicable, civil penalties under <u>Labor Code</u> §1197.1 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for violations of <u>Labor Code</u> §§1194 and 1197, in the amount of $100 for each underpaid aggrieved employee for each pay period the aggrieved employee was intentionally underpaid in addition to an amount sufficient to recover underpaid wages, and $250 for each subsequent violation

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

for each underpaid aggrieved employees regardless of whether the initial violation was intentionally committed in addition to an amount sufficient to recover underpaid wages, with all wages recovered pursuant to <u>Labor Code</u> §1197.1;

c. As applicable, civil penalties under <u>Labor Code</u> §210 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for each employee who is/was not paid wages in accordance with <u>Labor Code</u> §§201.3, 204, 204b, 204.1, 204.2, 205, 205.5 and 1197.5)  in the amount of a civil penalty of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, plus twenty-five percent (25%) of the wages wrongly withheld;

d. As applicable, civil penalties under <u>Labor Code</u> §226.3 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for each violation of <u>Labor Code</u> §226(a), in the amount of $250 for each aggrieved employee per pay period for each violation and $1,000 for each aggrieved employee per pay period for each subsequent violation;

e. As applicable, civil penalties under <u>Labor Code</u> §256 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for any aggrieved employee who was discharged or quit, and was not paid all earned wages at termination in accordance with <u>Labor Code</u> §§201, 201.1, 201.5, 202, and 205.5, in the amount of a civil penalty of one day of pay, at the same rate, for each day that he or she was paid late, until payment was/is made, up to a maximum of thirty (30) days;

///

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

f. As applicable, civil penalties under <u>Labor Code</u> §2699(f), for all violations of the <u>Labor Code</u> except for those for which a civil penalty is specifically provided, in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation; and

g. As applicable, any and all additional applicable civil penalties and sums as provided by the <u>Labor Code</u> and/or other relevant statutes.

140. In addition, Plaintiffs seek and are entitled to seventy-five percent (75%) of all penalties obtained under <u>Labor Code</u> §2699 to be allocated to the LWDA, for education of employers and employees about their rights and responsibilities under the <u>Labor Code</u>, and twenty-five percent (25%) to all aggrieved employees.

141. Further, Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §§2699(g)(1), 218.5, 1194(a), 2802(c), and any other applicable statute.

142. <u>Labor Code</u> §2699.3(a) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

143. <u>Labor Code</u> §2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5

**- 38 -**

(commencing with Section 6300) shall commence only after the following requirements have been met: (1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

144.   Here, Plaintiffs' civil action alleges violations of provisions listed in Labor Code §2699.5 and violations of provisions other than those listed in Labor Code §2699.5. As such, Labor Code §2699.3(a) and §2699.3(c) apply to this action.

145.   On August 7, 2017, Plaintiffs complied with Labor Code §2699.3(a) and Labor Code §2699.3(c) in that Plaintiffs gave written notice by online filing with the LWDA and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Attached hereto as Exhibit "1" is Plaintiffs' LWDA letter.

146.   Labor Code §2699.3(a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

147.   As of October 11, 2017 (65 calendar days after Plaintiffs' August 7, 2017 LWDA letter was filed online), Plaintiffs had not received any notification that the LWDA intended to investigate the alleged violations. As such, Plaintiffs have complied with Labor Code §2699.3(a) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to

Labor Code §2699.

148.   Further, as of September 9, 2017 (33 calendar days after Plaintiffs'
August 7, 2017 LWDA letter was mailed to Defendants via certified mail),
Plaintiffs have not received from Defendants written notice by certified mail that
the alleged violations have been cured, including a description of actions taken. As
such, Plaintiffs have complied with Labor Code §2699.3(c) and have been given
authorization therefrom to commence a civil action which includes a cause of
action pursuant to Labor Code §2699.

## ELEVENTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
### (On Behalf of the 17200 Class)
### (Against All Defendants)

149.   Plaintiffs incorporate by reference and reallege each and every one of
the allegations contained in the preceding and foregoing paragraphs of this FAC as
if fully set forth herein.

150.   B&PC §17200 provides in pertinent part "…[U]nfair competition
shall mean and include any unlawful, unfair or fraudulent business act…".

151.   B&PC §17205 provides that unless otherwise expressly provided, the
remedies or penalties provided for unfair competition "are cumulative to each other
and to the remedies or penalties available under all other laws of this state."

152.   B&PC §17204 provides that an action for any relief from unfair
competition may be prosecuted by any person who has suffered injury in fact and
has lost money or property as a result of such unfair competition.

153.   Defendants have engaged in unlawful, unfair and fraudulent business
acts or practices prohibited by B&PC §17200, including those set forth in the
preceding and foregoing paragraphs of the FAC, thereby depriving the members of
the 17200 Class of the minimum working standards and conditions due to them
under the Labor Code and/or the IWC Wage Orders, as specifically described

herein.

154.   Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

155.   Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

156.   Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

157.   Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

158.   Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

159.   Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

160.   Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a.   That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay All Wages:

      b.    For recovery of the unpaid balance of the full amount of the straight time compensation due and owing, according to proof;

      c.    For liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof), as authorized by Labor Code §1194.2(a);

      d.    For recovery of the unpaid balance of the full amount of overtime compensation due and owing, calculated at the appropriate rate and according to proof;

      e.    For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a) and CC §3287;

      f.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5(a) and/or Labor Code §1194(a);

As to the Second Cause of Action for Failure to Pay Overtime Wages at the Appropriate Overtime Pay Rate:

      g.    For damages, as set forth in Labor Code §1194(a) and the IWC Wage Order(s) regarding wages due and owing, according to proof;

      h.    For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a) and CC §3287;

      i.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5(a) and/or Labor Code §1194(a);

As to the Third Cause of Action for Failure to Provide Meal Periods:

      j.    For one (1) hour of pay at the regular rate of compensation for each member of the Meal Period Class for each workday that a meal or rest period was not provided, as authorized by Labor Code §226.7;

      k.    For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

As to the Fourth Cause of Action for Failure to Authorize and Permit Paid Rest

Periods:

l.      For one (1) hour of pay at the regular rate of compensation for each member of the Rest Period Class for each workday that a meal or rest period was not provided, as authorized by Labor Code §226.7;

m.      For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

As to the Fifth Cause of Action for Failure to Pay Meal and/or Rest Period Premium Wages At the Legal Pay Rate:

n.      For damages, as set forth in Labor Code §1194(a) and the IWC Wage Order(s) regarding wages due and owing, according to proof;

o.      For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a) and CC §3287;

p.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5(a) and/or Labor Code §1194(a);

As to the Sixth Cause of Action for Derivative Violations of Labor Code §203:

q.      For recovery as authorized by Labor Code §203;

As to the Seventh Cause of Action for Derivative Failure to Timely Furnish Accurate Itemized Wage Statements:

r.      For recovery as authorized by Labor Code §226(e);

s.      For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or §226(h);

As to the Eighth Cause of Action for Independent Failure to Timely Furnish Accurate Itemized Wage Statements:

t.      For recovery as authorized by Labor Code §226(e);

u.      For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or §226(h);

///

///

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

<u>As to the Ninth Cause of Action for Unpaid Reimbursements for Work Expenses</u>:

    v.     For recovery of the unpaid balance for all necessary expenditures and losses incurred in direct consequence of the discharge of Defendants' duties;

    w.    For interest thereon at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss, pursuant to <u>Labor Code</u> §2802(b);

    x.    For reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §2802(c);

<u>As to the Tenth Cause of Action for Penalties Pursuant to Labor Code §2699</u>:

    y.    For civil penalties pursuant to <u>Labor Code</u> §558, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, as follows:

        i     For any initial violation, $50 for each aggrieved underpaid employee for each pay period for which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages;

        ii.    For each subsequent violation, $100 for each aggrieved underpaid employee for each pay period for which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages; and

        iii.   For all unpaid wages, to be paid to the aggrieved employees;

    z.    For civil penalties pursuant to <u>Labor Code</u> §1197.1, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, as follows:

        i.    For any initial violation that is intentionally committed, $100 for each aggrieved underpaid employee for each pay period for

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages;

ii.    For each subsequent violation, regardless of whether the initial violation is intentionally committed, $250 for each aggrieved underpaid employee for each pay period for which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages; and

iii.    For all unpaid wages, to be paid to the aggrieved employees;

aa.    For civil penalties under Labor Code §210, in addition to and entirely independent and apart from other penalties in the Labor Code, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation, plus 25% of the wages wrongly withheld;

bb.    For civil penalties per Labor Code §226.3, in addition to and entirely independent and apart from other penalties in the Labor Code, in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation;

cc.    For civil penalties per Labor Code §256, in addition to and entirely independent and apart from other penalties in the Labor Code, in the amount of one day of pay, at the same rate, for each day that an aggrieved employee was paid late, at the time of termination, until payment was/is made, up to a maximum of thirty (30) days;

dd.    For civil penalties pursuant to Labor Code §2699(f), in addition to and entirely independent and apart from other penalties in the Labor Code and for Labor Code violations without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

1     each subsequent violation;

2     ee.    For reasonable attorneys' fees and costs incurred pursuant to <u>Labor</u>

3           <u>Code</u> §§2699(g)(1) and any other applicable statute;

4     <u>As to the Eleventh Cause of Action for Unfair Business Practices</u>:

5     ff.    For an accounting, under administration of Plaintiffs and/or the

6           receiver and subject to Court review, to determine the amount to be

7           returned by Defendants, and the amounts to be refunded to members

8           of the Classes who are owed monies by Defendants;

9     gg.    For an Order requiring Defendants to identify each of the members of

10           the Classes by name, home address, home telephone number and, if

11           available, email address;

12     hh.    For an Order requiring Defendants to make full restitution and

13           payment pursuant to California law;

14     ii.    For an Order for a preliminary and/or permanent injunction

15           prohibiting Defendants from engaging in the acts complained of

16           herein;

17     jj.    For the creation of an administrative process wherein each injured

18           member of the Classes may submit a claim in order to receive his/her

19           money;

20     kk.    For all other appropriate injunctive, declaratory and equitable relief;

21     ll.    For interest to the extent permitted by law;

22     mm.    For an award of attorneys' fees and costs incurred in the investigation,

23           filing and prosecution of this action pursuant to <u>CCP</u> §1021.5, <u>B&PC</u>

24           §17200, et seq., <u>Labor Code</u> §1194 and/or any other applicable

25           provision of law;

26     <u>As to All Causes of Action</u>:

27     nn.    For such relief as this Court may deem just and proper, including

28           reasonable attorneys' fees and costs incurred.

**ANDERSON, ET AL. V. THE SHERWIN-WILLIAMS COMPANY**
**FIRST AMENDED COMPLAINT**

# VII.

## __DEMAND FOR JURY TRIAL__

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: October 9, 2019                    LAW OFFICES OF KEVIN T. BARNES

By:    /s/ Kevin T. Barnes
       Kevin T. Barnes, Esq.
       Gregg Lander, Esq.
       Attorneys for Plaintiffs

EXHIBIT 1

LAW OFFICES OF

# KEVIN T. BARNES

KEVIN T. BARNES
GREGG LANDER
—
OF COUNSEL:
JOSEPH ANTONELLI

5670 WILSHIRE BOULEVARD, SUITE 1460
LOS ANGELES, CALIFORNIA 90036-5664

TELEPHONE: (323) 549-9100
Toll-Free: (877) 309-3577 / FAX: (323) 549-0101

A Professional Law Corporation
—
www.kbarnes.com
—
Barnes@kbarnes.com

August 7, 2017

**VIA ELECTRONIC MAIL ($75 filing fee to follow by mail)**

PAGA Administrator
California Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

Re:   The Sherwin-Williams Company (hereafter, the "Employer")

**NOTICE OF <u>LABOR CODE</u> VIOLATIONS PURSUANT TO <u>LABOR CODE</u> §2699.3**

To:   PAGA Administrator, California Labor and Workforce Development Agency and the Employer

From:   Brent Anderson (the "Employee"), who was subjected to the wage and hour practices set forth below

The Employee, by way of the above-named counsel, submits this Notice, pursuant to and in compliance with the requirements of California <u>Labor Code</u> §2699.3(a)/(c), and alleges the facts and theories to support the alleged violations as follows:

During the applicable time period, the Employer employed the Employee and all other similarly situated aggrieved employees as hourly-paid employees, including but not limited to Store Managers, Assistant Managers and/or certain Associates. During this time period, the Employer utilized consistent policies and procedures regarding the Employee and all other similarly situated aggrieved employees, as follows:

<u>First</u>, the Employer paid the Employee and all other similarly situated hourly-paid aggrieved employees nondiscretionary pay in categories such as quarterly bonuses. However, the Employer did not consider this additional pay in the computation of the regular rate of pay to determine the correct overtime pay for the Employee and all other similarly situated aggrieved employees. As such, the Employer owes the Employee and all other similarly situated aggrieved employees unpaid overtime wages, allegedly in violation of <u>Labor Code</u> §1194, and owes penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

<u>Second</u>, the Employer failed to timely provide all legally compliant meal breaks (including second meal breaks) to the Employee and all other similarly situated Store Manager aggrieved employees, as the Employee and all other similarly situated Store Manager aggrieved employees did not always get full thirty minute uninterrupted meal breaks within the first five hours of their shift. As such, the Employee and all other similarly situated Store Manager aggrieved employees sometimes worked over five hours but were not provided all legally compliant meal breaks. Further, the Employee and all other similarly situated Store Manager aggrieved employees sometimes worked over ten hours but were not provided all legally compliant second meal breaks. The Employer did not pay always pay a meal period penalty for these violations. As such, the Employer violated <u>Labor Code</u> §§226.7, 512 and 516 and the applicable Industrial Wage Order, ¶11, and owes penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

<u>Third</u>, the Employer paid the Employee and all other similarly situated hourly-paid aggrieved employees meal period premiums. However, the Employer paid these meal period premiums at a rate of pay less than the regular rate of pay to the Employee and all other similarly situated hourly-paid aggrieved employees. As such, the Employer owes the Employee and all other similarly situated hourly-paid aggrieved employees unpaid wages, allegedly in violation of <u>Labor Code</u> §§1194 and 226.7(c), and owes penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

PAGA Administrator
Re: The Sherwin-Williams Company
August 7, 2017
Page 2

**Fourth**, the Employee and all other similarly situated Store Manager aggrieved employees incurred mobile phone-related expenses while performing reasonable and necessary work-related duties. In fact, these Store Manager mobile phone numbers are often posted at the front door of the Employer's stores. However, the Employer failed to reimburse for these mobile phone-related expenses. As such, the Employer violated Labor Code §§450 and 2802 by failing to reimburse the Employee and all other similarly situated aggrieved employees for all mileage-related expenses reasonably incurred in the course of their required work duties, and owes penalties pursuant to Labor Code §2699(f).

**Fifth**, regarding wage statements, pursuant to Labor Code §226(a) and the applicable Industrial Wage Order, the Employer is required to include certain information on an employee's wage statement. Here, the Employer issued improper wage statements to the Employee and all other similarly situated hourly-paid aggrieved employees because the Employer's wage statements did not always contain the correct name and address of the legal entity that is the employer. As such, the Employer independently violated Labor Code §226, and owes penalties pursuant to Labor Code §§2699(f).

**Sixth**, also regarding wage statements, and in addition to the alleged independent violations of Labor Code §226 above, pursuant to Labor Code §226 and the applicable Industrial Wage Order, the Employer is required to include on a paystub such information as all hours worked, the hourly rate of pay, and the rate of pay for overtime and double time work. Here, because of the Employer's illegal wage and hour policies as set forth above, all wages earned were not reflected on the wage statements provided by the Employer to the Employee and all other similarly situated hourly-paid aggrieved employees, and the Employer issued improper wage statements. As such, the Employer derivatively violated Labor Code §226, and owe penalties pursuant to Labor Code §§2699(f).

**Seventh and finally**, regarding waiting time penalties, pursuant to Labor Code §203, the Employee and all other similarly situated hourly-paid aggrieved employees are entitled to thirty day of wages at their regular rate of pay for the Employer's failure to pay all wages due upon separation of employment. Here, because of the Employer's illegal wage and hour policies as set forth above, the Employer derivatively violated Labor Code §203, and owe penalties pursuant to Labor Code §§2699(f) and/or 256.

Pursuant to Labor Code §2699.3(a)(2)(A), please advise within sixty-five (65) calendar days of the postmark date of this notice whether the LWDA intends to investigate these alleged violations. Further, pursuant to Labor Code §2699.3(c)(2)(A), the Employer may cure the alleged violations within thirty-three (33) calendar days of the postmark date of this notice and within that period, give notice by certified mail if the alleged violation is cured, including a description of actions taken.

We understand that if we do not receive a respons within sixty-five (65) calendar days of the postmark and filing date of this notice that the LWDA intends to investigate these allegations and/or a notice from the Employer that the alleged violations are cured, and/or if the alleged violations are not cured, then the Employee may immediately thereafter commence a civil action against the Employer pursuant to Labor Code §2699.

Thank you for your consideration.

Very Truly Yours,

Kevin T. Barnes
Gregg Lander

cc: (via Certified Mail)
The Sherwin-Williams Company
101 Prospect Avenue NW
Cleveland, OH 44115

cc: (via U.S. Mail)
Raphael A. Katri, Esq.
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104

1

2
## PROOF OF SERVICE

3
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4
   I, the undersigned, am over the age of 18 years and not a party to this action.
My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA

5
90025-3361, which is located in Los Angeles County, where the service herein
occurred.

6

   On the date of execution hereof, I caused to be served the following attached

7
document/s:

8
  **FIRST AMENDED COMPLAINT**

9

   on the interested parties in this action, addressed as follows:

10
<u>Attorneys for Defendant:</u>     <u>Attorneys for Plaintiffs:</u>

11
Margaret Rosenthal, Esq.     Raphael A. Katri, Esq.

12
Shareef Farag, Esq.       LAW OFFICES OF RAPHAEL A. KATRI
Nicholas D. Poper, Esq.      8549 Wilshire Boulevard, Suite 200

13
BAKER & HOSTETLER LLP   Beverly Hills, CA 90211-3104
11601 Wilshire Blvd., Suite 1400  Tel.: (310) 940-2034

14
Los Angeles, CA 90025-0509   Fax: (310) 733-5644
Tel.: (310) 820-8800      Email: RKatri@socallaborlawyers.com

15
Fax: (310) 820-8859
Email: MRosenthal@bakerlaw.com

16
  using the following service method(s):

17

18
  **X   VIA ELECTRONIC SERVICE:** The above documents were electronically
filed with the Clerk of the Court using the CM/ECF system, which sent notification

19
of such filing to the above interested parties.

20
I DECLARE under penalty of perjury that the foregoing is true and correct.

21
Executed on October 9, 2019, at Los Angeles, California.

22
           <u>/s/ Cindy Rivas</u>

23
           **Cindy Rivas**

24

25

26

27

28